No. 96-1583

United States of America,            *
                                       *
       Appellee,                  *
                                       *   Appeal from the United States
         v.          *      District Court for the
                                         *   District of Nebraska.
Mario C. Carrazco,              *
                                         *
       Appellant.                *

Submitted:  June 11, 1996

Filed:  July 31, 1996

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges, and
     ROSENBAUM,[*] District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Mario Carrazco pleaded guilty to possessing with intent to distribute over 100 kilograms of marijuana, reserving his right to appeal the denial of his motion to suppress the evidence obtained from the search of his rented truck. See Fed. R. Crim. P. 11(a) (2). The district court sentenced Mr. Carrazco to 37 months in prison. We affirm the district court's[1] denial of the motion to suppress as well as its refusal to decrease Mr. Carrazco's base offense level for purposes of sentencing.

_____

    [*]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

    [1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

## I.

Mr. Carrazco was stopped for speeding by a trooper near Omaha, Nebraska. Because the trooper's car was equipped with a stationary videotape recorder with a clock, and the trooper was wearing a microphone, the district court was able, as we were, to review the entire encounter to determine what occurred and the time that elapsed between relevant events.

Mr. Carrazco apologized for speeding and accompanied the trooper to the patrol car. Immediately thereafter, the trooper requested a computer check of Mr. Carrazco's license and criminal history and called for a second officer and a drug-detection dog to assist. As soon as the license check came back, the trooper issued a warning ticket to Mr. Carrazco. Moments later, the second officer and two drug dogs arrived. The trooper then asked Mr. Carrazco if he would allow a drug dog to perform a "sniff" of the exterior of the truck, and Mr. Carrazco said that he did not mind. The second officer then led one of his dogs around the truck. Thinking that his dog was alerting to the truck, but not being absolutely certain, the officer led his other dog around the truck, and the second dog clearly alerted. The trooper then used bolt cutters to cut the lock on the truck and searched it. After opening one of the boxes in the back of the truck and stating that he smelled marijuana, the trooper arrested Mr. Carrazco. The police discovered multiple packages containing over 400 pounds of marijuana in a subsequent inventory search.

## II.

Mr. Carrazco challenges the district court's denial of his motion to suppress the evidence recovered after the traffic stop. He concedes that the trooper had probable cause to stop him. He contends, however, that there was no legal reason to detain him after the license check and that the subsequent search of his truck, though consensual, was therefore itself illegal. We see a

number of infirmities in this argument, but the most obvious one is that we do not think that the record can support a finding that Mr. Carrazco was being detained illegally when he consented to the dog sniff. We have held numerous times that police officers can detain a person in Mr. Carrazco's position for a reasonable time for the purpose of checking his driver's license, see, e.g., United States v. Sokolow, 490 U.S. 1, 7 (1989); see also Terry v. Ohio, 392 U.S. 1, 26-27, 30 (1968), and here the trooper asked for permission to conduct the "drug sniff" contemporaneously with delivering the warning ticket to Mr. Carrazco. As the trooper handed Mr. Carrazco the warning ticket, Mr. Carrazco initiated further conversation, and the trooper responded. After a three-second delay, the trooper asked for permission to use the dog. We are unwilling to say that those three seconds between statements were anything other than a normal pause in a single conversation. Since the trooper received Mr. Carrazco's permission to have a dog sniff the truck at a time when his detention was clearly permissible, and he never revoked that permission, he cannot complain that the "dog sniff" was illegal.

The subsequent search of the interior of Mr. Carrazco's truck was therefore plainly constitutional. "[T]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained," California v. Acevedo, 500 U.S. 565, 580 (1991), and "[a] dog's identification of drugs in luggage or in a car provides probable cause that drugs are present." U.S. v. Bloomfield, 40 F.3d 910, 919 (8th Cir. 1994). Hence, after the dogs alerted to Mr. Carrazco's truck, the trooper had probable cause to search it. We therefore affirm the district court's denial of Mr. Carrazco's motion to suppress.

## III.

Mr. Carrazco also argues that he should have received a decrease in his base offense level because he was just a "mule."

See U.S.S.G. § 3B1.2.  A four-level decrease is warranted if the defendant was a "minimal participant" in the criminal activity.  U.S.S.G. § 3B1.2(a). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment (n.1), such as persons who "played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or . . . [persons who were] recruited as courier[s] for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment (n.2).  A two-level decrease in the offense level is warranted if the defendant was a "minor participant" in the criminal activity.  U.S.S.G. § 3B1.2(b).  A "minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment (n.3).  For cases "falling between (a) and (b)," a three-level decrease is appropriate.  U.S.S.G. § 3B1.2.  The district court, after hearing Mr. Carrazco's testimony on his role in the offense, refused to decrease the base offense level, finding that Mr. Carrazco had not established his right to a decrease by a preponderance of the evidence.

Applying the relevant legal principles to the case at hand, we cannot say that the district court erred in refusing to decrease Mr. Carrazco's base level.  First, Mr. Carrazco had the burden of proving his eligibility for a decrease in the base offense level, see, United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995), and the district court did not have to believe Mr. Carrazco's testimony that he was just a "mule."  While the district court did not specifically state that it had rejected Mr. Carrazco's self-serving description of his role in the offense, we believe that such a rejection is implicit in the court's finding that Mr. Carrazco had not carried his burden of proof.  Second, even if Mr. Carrazco was just a "mule," a downward adjustment would not necessarily have been warranted:  "A defendant's status as courier

does not necessarily mean he is less culpable than other participants in a drug operation." <u>United States v. Williams</u>, 890 F.2d 102, 104 (8th Cir. 1989).  Although there was evidence to suggest that others may have been paying Mr. Carrazco to carry drugs, the record reveals no evidence establishing that he was any less culpable than those unidentified actors whose roles were unknown.  <u>See</u> <u>id.</u>  Third, Mr. Carrazco was apprehended in possession of a very substantial amount of drugs, a circumstance that tends to suggest that his participation in the criminal enterprise was itself very substantial.  Since the district court was not obliged to find that Mr. Carrazco was entitled to a two-level decrease in the offense level, he cannot claim eligibility for the others.  We therefore detect no error in the district court's sentence.

**IV.**

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

Clerk, U.S. Court of Appeals, Eighth Circuit.

-5-