# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2058

_____

Ramon P. Ponce,                                        *
                                                       *
    Appellant,                       *
                                                       *        Appeal from the United States
v.                                                     *        District Court for the Western
                                                       *        District of Missouri
United States of America,                              *
                                                       *
    Appellee.                        *


_____

Submitted: November 5, 2002
Filed: November 29, 2002

_____

Before McMILLIAN and SMITH, Circuit Judges, and LONGSTAFF[1], District Judge.

_____

LONGSTAFF, District Judge.

_____

   [1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

From 1996 through the beginning of 2001, a large-scale drug organization operating out of Amarillo, Texas, smuggled enormous amounts of cocaine, methamphetamine and marijuana to the Kansas City area, and unknown quantities of drugs to Arizona, California and Oklahoma. The organization was headed by Roberto Castillo and his wife, Irma Carassco. Defendant, Ramon Ponce, was a courier for the Castillo Organization from August of 1999 until January of 2001. During that time, he delivered at least 27 kilograms of methamphetamine to various locations and returned to Amarillo with the cash proceeds from the sale of those drugs.

Ponce pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At the April 4, 2002 sentencing hearing, Ponce sought a "minor participant" reduction pursuant to § 3B1.2(b) of the Federal Sentencing Guidelines. The government objected, arguing that the uncontested information in the presentence investigation report (PSR) did not support Ponce's request for the two-level reduction. The government called Detective Jeff Seever of the Jackson County Drug Task Force to testify regarding Ponce's role in the conspiracy. After considering the PSR and hearing the testimony of Detective Seever, the district court found that Ponce was not a minor participant and sentenced him to 235 months of imprisonment.[2]

Several individuals, in addition to Ponce, were charged with drug crimes in connection with the Castillo Organization. Two of the Organization's chief distributors were co-defendants James Fagan and Debra Haynes. Fagan received and distributed at least 950 kilograms of cocaine; Haynes received and distributed at least

---

[2] Ponce's total offense level was determined to be a level 36, and his Criminal History Category was Category III. The resulting sentencing guideline range was 235-293 months.

463 kilograms of methamphetamine and 24 kilograms of cocaine. Both pled guilty to conspiracy to distribute methamphetamine and received 180-month sentences. A related defendant, Cheryl West, helped unload 44 kilograms of methamphetamine, at least 86 kilograms of marijuana and 4 kilograms of cocaine. West also pled guilty to conspiracy to distribute methamphetamine and was sentenced to 100 months of imprisonment. Co-defendant Antonio Lara-Beltran pled guilty to conspiring to distribute a mixture or substance containing cocaine, in an amount of five kilograms or more. He was sentenced to 99 months of imprisonment.

On appeal, Ponce contends that the district court erred in denying his request for a minor role reduction under § 3B1.2(b) of the Federal Sentencing Guidelines. He argues that he is less culpable than the other criminals that participated in the Castillo Organization; that the district court failed to assess his relative culpability before denying his request for a minor role reduction under § 3B1.2(b); and that as a result, his sentence is disproportionately higher than that imposed upon more culpable participants. We review the district court's[3] denial of the § 3B1.2(b) reduction for clear error. *United States v. Lopez-Arce*, 267 F.3d 775, 784 (8th Cir. 2001).

DISCUSSION

Section 3B1.2(b) of the Federal Sentencing Guidelines authorizes a sentencing court to decrease a defendant's offense level by two levels if the court finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). "Minor participant" is defined as one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id*., Comment, Note 5. The defendant bears the burden of proving that he is entitled to a downward departure under § 3B1.2(b). *Lopez-Arce*, 267 F.3d at 784.

---

[3] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Ponce argues that he should be assigned "minor participant" status, because he received a disproportionately higher sentence than more culpable individuals involved in the offense. However, in discussing § 3B1.2(b) of the Federal Sentencing Guidelines, this Court has stated:

> The mere fact that a defendant is less culpable than his co-defendants does not entitle defendant to 'minor participant' status. Whether a downward adjustment is warranted is determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense.

*United States v. Snoddy*, 139 F.3d 1224, 1228 (8th Cir. 1998) (internal citations omitted).

In the instant case, the evidence demonstrated that Ponce supplied 4.5 kilograms of methamphetamine, along with various quantities of cocaine and heroin, on at least six separate occasions (supplying a total of 27 kilograms) to known drug distributors in the Kansas City metropolitan area. The amount may have been greater, as testimony from a woman within the conspiracy indicated she witnessed Ponce transport approximately 44 kilograms of methamphetamine. The record also established that Ponce instructed other members of the distribution scheme to accept drugs from a particular source in Texas and return to Kansas City. Thus, Ponce served as a conduit for the narcotics–a necessary link in the drug distribution chain–and furthered the offense by directing others within the conspiracy. *See United States v. Wright*, 873 F.2d 437, 443-44 (1st Cir. 1989) (affirming district court's finding that a person who transports drugs is not a minor participant since they are a necessary link to the introduction of drugs into society). As such, Ponce's individual acts significantly contributed to the elements of the offense.

In arguing that he is less culpable than others involved in the offense, appellant stresses that he was a mere courier. However, even if established, Ponce's status as a "mere courier" does not require the district court to declare him a minor participant. As this Court noted in *United States v. Thompson*, 60 F.3d 514, 517 (8th Cir. 1995), if a defendant could rely on his status as a courier to achieve minor participant status, "every participant in every drug distribution scheme would be presumably entitled to a minor participant reduction so long as he or she were able to prove the existence of an upstream drug supplier." *See also United States v. McGrady*, 97 F.3d 1042, 1043 (8th Cir. 1996) (holding that although defendant contended he was merely a courier who played a small role in the drug deals charged, he was not a minor participant since his role was "significant in carrying out the drug transactions"); *United States v Currazco*, 91 F.3d 65, 67 (8th Cir. 1996) (stating that a "defendant's status as courier does not necessarily mean he is less culpable than other participants in a drug operation").

Again, assuming Ponce proved that others were relatively more culpable, the Court notes that a "defendant who is concededly less culpable than his co-defendants is not entitled to the minor participant reduction if that defendant was 'deeply involved' in the criminal acts." *Id.,* 60 F.3d at 518 (quoting *United States v. West*, 942 F.2d 528, 531 (8th Cir. 1991)). The *Thompson* court, in finding the defendant "deeply involved," relied on evidence that the defendant was seized with $16,000 related to drug transactions, and that the defendant admitted to mailing a package containing 476 grams of cocaine. *Id.* Similarly, in the instant case police seized $62,457 in drug currency from Ponce, and he admitted he supplied at least 27 kilograms of methamphetamine to Kansas City. Thus, the district court had ample support to conclude that Ponce was not a minor participant, but, rather, "a highly culpable offender who was deeply involved in the drug distribution scheme." *Thompson,* 60 F.3d at 518.

Finally, although not critical to the disposition of this appeal, we feel compelled to note that there is a logical explanation for the shorter sentences imposed upon the other criminals involved in the drug conspiracy. Fagan, West, and Haynes originally faced sentences of 360 months to life, 262 to 327 months, and 324 to 405 months, respectively. Unlike Ponce, these defendants cooperated with the government. As a result, the government filed downward departure motions on behalf of these defendants, and they received lower sentences.[4] Because the differences between Ponce's sentence and the sentences of these defendants arose from the plea bargaining process, they are not a proper basis for a reduction. *See United States v. Buckendahl*, 251 F.3d 753, 758-59 (8th Cir. 2001).[5]

In summary, the district court received lengthy testimony as to the involvement of various participants in the offense and concluded that Ponce was as involved as any of the other conspirators. As mentioned above, the evidence relied upon by the court indicated that Ponce was a necessary component of a large-scale drug distribution conspiracy. The district court's denial of Ponce's request for a § 3B1.2(b) reduction was not clearly erroneous.

The decision of the district court is AFFIRMED.

---

[4] After considering their substantial assistance, the district court sentenced Fagan and Haynes to 180 months and West to 100 months of imprisonment.

[5] Ponce also complains about the disparity between his sentence and that received by co-defendant Lara-Beltran. Lara-Beltran's Criminal History Category was Category I, and he qualified for the safety valve under § 5C1.2(a) of the guidelines, which entitled him to an additional two-level reduction. Ponce's Criminal History Category was Category III. Lara-Beltran's base offense level was level 34, while Ponce's was level 36. The sentencing disparity between Ponce and Lara-Beltran largely resulted from the difference in their criminal history and is not a basis for a § 3B1.2(b) reduction.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT