# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3688

_____

United States of America,        *
                                      *

    Plaintiff - Appellee,     *

                                        *   Appeal from the United States
v.                               *   District Court for the
                                        *   Southern District of Iowa.

Simitrio Jaimes Aviles,      *

                                        *   **[UNPUBLISHED]**

    Defendant - Appellant.    *

_____

Submitted: May 11, 2004
Filed: August 16, 2004

_____

Before LOKEN, Chief Judge, BRIGHT and SMITH, Circuit Judges.

_____

PER CURIAM.

Simitrio Jaimes Aviles pleaded guilty to possession of methamphetamine with intent to deliver after police discovered 31.8 kilograms of methamphetamine during a consent search of his pickup truck stopped on I-80 near Council Bluffs, Iowa. The sole issue on appeal is whether the district court[1] erred in denying Aviles a mitigating role adjustment under U.S.S.G. § 3B1.2. We affirm.

_____

[1]The HONORABLE RONALD E. LONGSTAFF, Chief Judge of the United States District Court for the Southern District of Iowa.

The plea agreement did not address Aviles's role in the offense. At the initial sentencing hearing, the government presented no evidence on the issue, noting that Aviles was the only person charged with transporting the large quantity of methamphetamine hidden in his vehicle. Defense counsel argued that Aviles was only a courier and that § 3B1.2 does not preclude a minor role adjustment for a defendant whose role in a drug trafficking offense "was limited to transporting . . . drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported ." U.S.S.G. § 3B1.2, cmt. n.3(A), added by U.S.S.G. App. C, amend. 635 (2001). Counsel for the government replied that Aviles had the burden to prove he was only a courier. The court continued the hearing for one month to permit Aviles to gather evidence establishing his alleged minor role.

At the resumed hearing, Aviles presented evidence only by cross-examining Steven Lamp, a DEA task force agent at the time he participated in interviewing Aviles following his plea agreement. Lamp testified that Aviles told the interviewers that he was asked by Jose Hernandez in California to drive the methamphetamine across the country to deliver it to another person. Aviles would not provide more information about Jose Hernandez or identify the intended recipient. When shown a photograph of his nephew -- who was suspected of involvement in the drug trafficking -- Aviles became nervous and refused to describe his relationship with his nephew. Based on the interviews and his investigation, Lamp testified that he did not know what role Aviles may have played beyond transporting this shipment. In his experience, however, the heads of drug organizations only use people they trust to transport large shipments, and trust is typically established by prior successful deliveries. Aviles admitted making a trip to Chicago in a pickup truck the month prior to his arrest. Based upon this limited evidence, the district court denied a minor role reduction: "the fact he was a courier doesn't mean that he necessarily equates to being a minor role participant. And without more information regarding other individuals involved, I simply cannot, and will not conclude that [Aviles] has sustained his burden establishing a minor role."

On appeal, Aviles argues that the district court misapplied § 3B1.2 by requiring that he produce "more information regarding other individuals involved," instead of comparing his role as courier with the average participant in the type of offense in which he was involved. We disagree. Aviles was not charged with a conspiracy offense, so the existence of other participants is not inherent in the nature of the offense. He refused to disclose to government investigators any information about others who may have been involved in this shipment and then relied solely on the inconclusive cross examination of investigator Lamp at the sentencing hearing. Thus, Aviles failed to prove that his role was only that of a courier for other participants. The district court's analysis of the sentencing record is consistent with § 3B1.2 and with many Eighth Circuit cases applying that guideline. See United States v. Santos-Garcia, 313 F.3d 1073, 1081 (8th Cir. 2002); United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000), cert. denied, 532 U.S. 1031 (2001); United States v. Carrazco, 91 F.3d 65, 67 (8th Cir. 1996). Thus, the district court's denial of a minor role adjustment is not clear error.

The judgment of the district court is affirmed.

_____