Frank SCHILLER *v.* STATE of Arkansas

CA CR 05-471 226 S.W.3d 11

Court of Appeals of Arkansas
Opinion delivered February 1, 2006

*Witt Law Firm*, by: *Ernie Witt*, for appellant.

*Mike Beebe*, Ark. Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Frank Schiller entered a conditional guilty plea to possession of cocaine with intent to deliver pursuant to Ark. R. Crim. P. 24.3(b), reserving in writing the right to appeal from the denial of his pretrial motion to suppress evidence. On appeal, Mr. Schiller argues that the cocaine seized by the police should have been suppressed because it was the result of an illegal stop of his vehicle as well as an unlawful detention of his person. We affirm.

Arkansas State Police Officer Chris Goodman was the only witness to testify at the suppression hearing. He stated that he was patrolling Interstate 40 at 2:00 p.m. on April 30, 2004, and was on

the side of the road monitoring eastbound traffic. Officer Goodman testified that he observed a car being driven by Mr. Schiller pass by, and that Mr. Schiller was the sole occupant. According to Officer Goodman, when Mr. Schiller passed he quickly turned his head to look away from the patrol car, and Officer Goodman thought this looked suspicious.

Officer Goodman pulled out behind Mr. Schiller's car and followed him for a few miles. Officer Goodman stated that Mr. Schiller was traveling at a speed of sixty to sixty-five miles per hour, which was a legal speed, but he observed that Mr. Schiller was twenty to thirty feet behind the rear of a tractor trailer. Officer Goodman indicated that at that rate of speed a reasonable distance would be six car lengths, and that because Mr. Schiller was only a car length or two behind the tractor trailer he decided to make a traffic stop.

Officer Goodman approached Mr. Schiller's car and made contact with him from the passenger's side. He noticed that Mr. Schiller was extremely nervous and was shoveling sunflower seeds into his mouth during their conversation. Mr. Schiller advised that he was headed toward Memphis to visit his brother because his brother's wife was sick and in the hospital. Officer Goodman asked Mr. Schiller if he had ever been arrested, and Mr. Schiller replied that he had not.

Officer Goodman returned to his patrol unit with Mr. Schiller's Oregon driver's license, and a computer check confirmed that the license was valid. However, Officer Goodman also confirmed that Mr. Schiller had numerous prior felony drug arrests.

Officer Goodman returned to Mr. Schiller's car and asked him to step out of the vehicle. At that time, Officer Goodman returned the paperwork and gave Mr. Schiller a verbal warning. Officer Goodman subsequently asked whether a phone call to Mr. Schiller's brother would confirm his travel plans, and Mr. Schiller responded in the affirmative. Officer Goodman then asked if there was any reason for a person to give a description of Mr. Schiller's car as one that would be transporting drugs, and Mr. Schiller answered "no." After that, Officer Goodman asked for consent to search the car, and Mr. Schiller gave his consent.

During a search of the car, Officer Goodman found a plastic baggie containing a white powder residue in the backseat under a bag. Officer Goodman also found residue in the front seat as well

as a rolled-up twenty-dollar bill, indicating that drugs were being snorted. Officer Goodman *Mirandized* Mr. Schiller, and then instructed Mr. Schiller to follow his patrol car to a body shop. Mr. Schiller complied, and at the shop Officer Goodman inspected the car and found almost three kilograms of cocaine in a hidden compartment.

Mr. Schiller argues on appeal that the cocaine should have been suppressed because it was illegally obtained. He contends that the stop of his vehicle was illegal, and alternatively that he was detained an excessive amount of time in violation of his constitutional rights.

In order for a police officer to make a traffic stop, he must have probable cause to believe that the vehicle has violated a traffic law. *Laime v. State,* 347 Ark. 142, 60 S.W.3d 464 (2001). In the present case, Mr. Schiller contends that Officer Goodman lacked the probable cause necessary to stop his vehicle. He notes that he was traveling at a legal rate of speed, and submits that quickly turning his head does not constitute any violation. While Officer Goodman testified that Mr. Schiller was following another vehicle too closely, Mr. Schiller notes that this was not reflected in the videotape introduced at the hearing, as the tape did not begin to run until he was pulling off the highway at the officer's direction. Mr. Schiller asserts that he was not stopped for any traffic violation, but rather because Officer Goodman perceived a suspicious situation.

Mr. Schiller further argues that, even if the stop was legal, the cocaine should have been suppressed due to his unlawful detention. He cites *Sims v. State,* 356 Ark. 507, 514, 157 S.W.3d 530, 535 (2004), where our supreme court announced:

> It is true that, as part of a valid traffic stop, a police officer may detain a traffic offender while the officer completes certain routine tasks, such as computerized checks of the vehicle's registration and the driver's license and criminal history, and the writing up of a citation or warning. *See Laime,* 347 Ark. at 157-58 (citing *United States v. Carrazco,* 91 F.3d 65 (8th Cir. 1996)). During this process, the officer may ask the motorist routine questions such as his destination, the purpose of the trip, or whether the officer may search the vehicle, and he may act on whatever information is volunteered. *Id.* at 158. However, after those routine checks are completed, unless the officer has a reasonably articulable suspicion for believing that criminal activity is afoot, continued detention of

the driver can become unreasonable. *See United States v. Beck*, 140 F.3d 1129 (8th Cir. 1998) (citing *United States v. Mesa*, 62 F.3d 159 (6th Cir. 1995)); *United States v. $404,905.00 in U.S. Currency*, 182 F.3d 643 (8th Cir. 1999). In *Mesa, supra*, the Sixth Circuit stated that "[o]nce the purposes of the initial traffic stop were completed, there is no doubt that the officer could not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention." *Mesa*, 62 F.3d at 162. Similarly, the Tenth Circuit has held that, in the absence of a reasonable, articulable suspicion of some drug-related criminal activity, once the purpose of the traffic stop is completed, the operator of the vehicle should be allowed to proceed on his way, without being subject to further delay by police for additional questioning. *United States v. Wood*, 106 F.3d 942, 945 (10th Cir. 1997).

Mr. Schiller contends that after Officer Goodman issued a warning, the purpose of the traffic stop was completed and there was no reasonable suspicion to justify any further detention. Because his consent to search was given after he should have been allowed to proceed on his way, Mr. Schiller argues that the cocaine found by Officer Goodman was fruit of the poisonous tree and should have been suppressed.

We conclude that the arguments for suppression raised in this appeal are not preserved for review because they were not raised before the trial court. The entirety of Mr. Schiller's written motion to suppress states:

> Comes Defendant, by Counsel, and, as to all of the State's evidence, objects to the use of any such evidence, on the grounds that it was illegally obtained in violation of the Arkansas and U.S. Constitutions and the Arkansas Rules of Criminal Procedure.
>
> WHEREFORE, Defendant prays that all testimony and exhibits concerning such evidence be suppressed pursuant to Ark. R. Crim. P. 16.2.

The appellant made no argument in support of his motion at the suppression hearing.

It is well settled that an appellant must raise and make an argument at trial in order to preserve it on appeal. *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003). This is true even when the

issue raised is constitutional in nature. *Id.* If a particular theory was not presented at trial, the theory will not be reached on appeal. *Id.*

In the case at bar, Mr. Schiller moved to suppress the evidence on the general ground that it was illegally obtained, but did not apprise the trial court of his particular contentions that the traffic stop was illegal or his detention was excessive. Because Mr. Schiller's arguments on appeal were not specifically made at trial, we need not address them. *See Hollis v. State,* 346 Ark. 175, 55 S.W.3d 756 (2001); *McFerrin v. State,* 344 Ark. 671, 42 S.W.3d 529 (2001); *Willet v. State,* 18 Ark. App. 125, 712 S.W.2d 925 (1986).

Affirmed.

GLADWIN and CRABTREE, JJ., agree.