# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2169

_____

United States of America

*Plaintiff - Appellee*

v.

Ramon P. Ponce

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 9, 2018
Filed: June 4, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Ramon P. Ponce appeals the district court's[1] denial of his sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honoroable Brian C. Wimes, United States District Judge for the Western District of Missouri.

In 2001, Ponce pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. As part of the plea agreement, Ponce agreed that United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2D1.1 applied, that he was responsible for more than 15 kilograms of methamphetamine, and that his base offense level was 38.

Prior to sentencing, the probation office determined that the conspiracy was responsible for more than 1,000 pounds (or 453.592 kilograms) of methamphetamine. Ponce objected to this drug quantity, but he later withdrew his objection after the government stated that if he continued making objections, it would void the plea agreement and prove the drug quantity at trial. Ponce decided to move forward with the plea agreement, making it unnecessary for the government to prove the drug quantity.

The district court determined that Ponce's base offense level was 38 and granted Ponce a 2-level reduction for acceptance of responsibility. It found that Ponce's advisory Guidelines range was 235 to 293 months' imprisonment, based on a total offense level of 36 and a criminal history category of III, and sentenced Ponce to 235 months' imprisonment.

Ponce thereafter filed a direct appeal, arguing that the district court erred in denying him a minor role reduction under U.S.S.G. § 3B1.2(b). United States v. Ponce, 311 F.3d 911 (8th Cir. 2002). We affirmed, noting that the evidence showed that Ponce had supplied at least 27 kilograms of methamphetamine to drug distributors, that one witness saw Ponce transporting approximately 44 kilograms of methamphetamine, and that Ponce instructed other members of the conspiracy to accept drugs from a source in Texas and return them to Kansas City, Missouri. Id. at 913-14.

In 2014, Ponce moved to reduce his sentence based on Amendment 782 of the Guidelines, which retroactively reduced base offense levels for various drug quantities by 2 levels. Under Amendment 782, the amount of methamphetamine required to establish a base offense level of 38 increased from more than 15 kilograms of methamphetamine to more than 45 kilograms of methamphetamine.

The district court denied the motion, finding that Ponce did not qualify for a § 3582(c)(2) reduction because the conspiracy in which he was involved was accountable for more than 1,000 pounds or methamphetamine, which meant that Ponce's base offense level remained at 38. Ponce filed a motion to reconsider, arguing that neither the district court nor this court had ever found Ponce to be responsible for that quantity of drugs. The court denied Ponce's motion to reconsider. This appeal followed.

We review *de novo* a defendant's eligibility for sentence reduction under § 3582(c)(2). United States v. Koons, 850 F.3d 973, 976 (8th Cir. 2017) (standard of review).

A district court may reduce a defendant's sentence under § 3582(c)(2) if the Sentencing Commission subsequently reduces the defendant's Guidelines range and the court determines that a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Accordingly, the district court must engage in a two part analysis. First, it must determine whether the amended Guidelines range "'would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Dillon v. United States, 560 U.S. 817, 827 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)). Second, it must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id.

Ponce argues that the district court erred in finding that he was ineligible for a sentence reduction because it was never proved that he was responsible for more than 45 kilograms of methamphetamine. We disagree. Ponce did not object to factual allegations in the PSR, which stated that Ponce delivered 60 pounds (30 kilograms) of methamphetamine between August 1999 and September 1999 and then another 97 pounds (44 kilograms) of methamphetamine between December 1999 and February 2000. See United States v. Freeman, 718 F.3d 1002, 1005 (8th Cir. 2013) ("This court has repeatedly held that unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes" (quoting United States v. Oaks, 606 F.3d 530, 541 (8th Cir. 2010))). He also, in effect, withdrew his objection to the PSR's finding that he was responsible for more than 1,000 pounds of methamphetamine when he decided to proceed under the plea agreement. See United States v. Bowers, 743 F.3d 1182, 1184 (8th Cir. 2014) ("[I]f a defendant makes written objections to the factual allegations in a PSR, but tells the court during the sentencing hearing that the facts in the PSR are accurate, then the written objections are withdrawn, and the defendant waives any objection to the facts set forth in the PSR." (internal citation and quotation omitted)). Having properly relied on the uncontested facts attributing more than 45 kilograms of methamphetamine to Ponce, the district court correctly determined that Ponce was ineligible for a sentence reduction because Amendment 782 does not affect his base offense level of 38.[2]

The judgment is affirmed.

_____

_____

[2]Because the amended Guidelines range would have been applicable to Ponce at the time of his initial sentence, we need not address the § 3553(a) factors.