# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2237

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Ramon Delgado-Gaytan, also known as Saul Estrada-Alvarez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 9, 2018
Filed: July 26, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Ramon Delgado-Gaytan pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Before sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"), recommending a total offense level of 35, a criminal history category of III, and an advisory guidelines range of 210 to 262

months. Delgado-Gaytan objected to the calculations. He argued that he qualified for a two-level "minor participant" reduction because he was merely a courier of the drugs. *See* U.S.S.G. § 3B1.2(b). The district court[1] overruled the objection, finding that Delgado-Gaytan was an average participant. It accepted the guidelines range as set forth in the PSR and sentenced him to 210 months' imprisonment. Delgado-Gaytan now appeals, raising three challenges to his sentence. We affirm.

First, Delgado-Gaytan argues that he should receive a two-level "minor participant" reduction under U.S.S.G § 3B1.2(b). Whether a defendant was a minor participant is a question of fact reviewed for clear error. *United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). A minor participant "plays a part in committing the offense that makes him substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2, cmt. n.3. A defendant's status as a courier of drugs does "not necessarily mean he is less culpable than other participants"; rather, he has the burden of proving that he is less culpable. *United States v. Carrazco*, 91 F.3d 65, 67 (8th Cir. 1996). Indeed, when a defendant is "apprehended in possession of a very substantial amount of drugs," we consider it "a circumstance that tends to suggest that his participation in the criminal enterprise was itself very substantial." *Id.*

Here, police arrested Delgado-Gaytan after a confidential informant ("CI") reported that he was regularly transporting large quantities of methamphetamine from Oklahoma to Minnesota and was stationed at a hotel in Minnesota with drugs for sale. Officers conducted a controlled purchase, through a CI, of 1.1 kilograms of methamphetamine and then executed a search warrant on Delgado-Gaytan's hotel room and his vehicle. Inside the hotel room and vehicle, they found, among other things, eleven bricks of methamphetamine (weighing approximately fifteen pounds), a digital scale, three identification cards, nine cell phones, and miscellaneous

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

packaging materials. Delgado-Gaytan admitted to transporting methamphetamine from California to Minnesota for the purpose of distributing the drugs, some of which were intended for an unknown coconspirator who would distribute the drugs in Wisconsin. Given these unobjected-to facts, the district court rejected Delgado-Gaytan's argument that he was merely a minor "runner" or "driver' of the drugs. Instead, the court found that while it was "true that he transported drugs, . . . that was only part of what he did," and it noted that "the mere transportation of the drugs does not transform an average participant into a courier." On the basis of this evidence, the district court did not clearly err in denying Delgado-Gaytan's request for a minor-role reduction. *See Young*, 689 F.3d at 946; *Carrazco*, 91 F.3d at 67.

Second, Delgado-Gaytan argues that the district court committed procedural error by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and failing to adequately explain the sentence. The district court is not required to recite each § 3553(a) factor, but it must be clear from the record that it actually considered the factors in determining the sentence. *United States v. Fry*, 792 F.3d 884, 891 (8th Cir. 2015). Delgado-Gaytan concedes that he did not preserve this objection below, so we review for plain error. *See id.* To prevail under the plain-error standard, Delgado-Gaytan must show that there is (1) an error (2) that is plain and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Once those three conditions have been met, we have discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration omitted).

At sentencing, the district court considered the § 3553(a) factors, and its explanation of the sentence was not plainly inadequate. Contrary to Delgado-Gaytan's assertion that the "court did not discuss a single § 3553(a) factor," it is clear from the district court's explanation that it considered the nature and circumstances of the offense as well as the history and characteristics of the defendant. The court highlighted Delgado-Gaytan's criminal history, the fact that he was on supervised

release at the time of the instant offense, and the quantity and purity of the drugs involved in this offense. On this record, the court found that the sentence was sufficient but not greater than necessary. Thus, Delgado-Gaytan's second argument fails. *See Fry*, 792 F.3d at 891.

Finally, Delgado-Gaytan argues that his sentence is substantively unreasonable because the district court failed to give sufficient weight to mitigating factors and gave too much weight to his criminal history and the amount of drugs involved in the underlying offense. We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We may consider a sentence within the guidelines range, like Delgado-Gaytan's, to be presumptively reasonable. *See id*. Here, Delgado-Gaytan discussed the mitigating factors at length in his sentencing memorandum and at the sentencing hearing. Accordingly, we presume the sentencing court considered these arguments. *United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010). Moreover, as noted above, the district court carefully considered the § 3553(a) factors. We see no basis for finding the sentence unreasonable and thus conclude that the district court did not abuse its discretion.

For the foregoing reasons, we affirm Delgado-Gaytan's within-guidelines sentence.

_____