# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4105NE

_____

United States of America,                     *
                                              *
            Appellee,                         *
                                              *   On Appeal from the United
      v.                                      *   States District Court
                                              *   for the District of
                                              *   Nebraska.
Tommy G. Georges,                             *
                                              *
            Appellant.                        *

_____

Submitted: April 16, 1998
Filed: June 4, 1998

_____

Before RICHARD S. ARNOLD,[1] Chief Judge, LOKEN, Circuit Judge, and PRATT,[2] District Judge.

_____

RICHARD S. ARNOLD, Chief Judge.

Angela and Tommy Georges were convicted by a jury of two counts of filing false income tax returns. Angela Georges was sentenced to probation and has not

_____

[1]The Hon. Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998. He has been succeeded by the Hon. Pasco M. Bowman II.

[2]The Hon. Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

appealed. Tommy Georges was sentenced to a year and a day's imprisonment, and he appeals his conviction, arguing sufficiency of the evidence, and his sentence, arguing that the District Court erred in including as relevant conduct the treatment of a certain $5,000 loan as a deductible business expense. Specifically, Mr. Georges argues that the District Court[3] erred when it included the loan, made by the Georgeses to a long-time friend, in the calculation of tax loss. Because the inclusion of the loan resulted in a one-level increase under the Sentencing Guidelines, Mr. Georges was ineligible for a split sentence. The evidence presented at trial was more than sufficient to convict Mr. Georges, and we affirm his conviction and sentence. Although an extensive review of the evidence is not necessary, we briefly summarize the government's case.

In the late 1980's, the Georgeses formed and were equal partners in a business called Cable Construction Specialists, Inc., which installed television cable for local cable companies in several states. Mr. Georges had worked in the cable business for many years, and he had been involved in running corporations since the mid-1970's. The Georgeses hired an outside accountant to assist them with various bookkeeping tasks, including the preparation and filing of income tax returns. While the Georgeses provided their accountant with various corporate documents and bank records, they did not provide him with all of their records. Moreover, the Georgeses did not deposit all of the income generated by the company into corporate accounts. Some of the income was deposited into accounts separately maintained by the Georgeses. As a result, income earned by the corporation, taxable to the Georgeses since it was a Subchapter S corporation, was significantly underreported to the Internal Revenue Service. At sentencing, the District Court ordered more than $70,000 in restitution.

Relevant conduct is defined as all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction . . .."

---

[3]The Hon. Richard G. Kopf, United States District Judge for the District of Nebraska.

U.S.S.G. § 1B1.3(a)(2). Mr. Georges argues that the taxes saved by his deduction of the loan of $5,000 to a long-time friend, Rose Harbour, should not have been included in computing the loss to the Internal Revenue Service. The loan, made in 1989 out of corporate funds, was repaid by Mrs. Harbour the next year. The repayment, however, was not deposited into the corporate account but into the Georgeses' personal account. The accountant, who did not have access to the Georgeses' personal records, treated the loan as a deductible business expense, thereby reducing the corporation's taxable income. The loan was not a business expense.

Mr. Georges advances several points. First, he argues that the accountant wrote the loan off on his own accord, and that he was never informed by the accountant that the loan had been written off. Second, Mr. Georges argues that because the loan was written off as a deductible business expense, an exhaustive, line-by-line review of the tax return by him would not have revealed the fact that the loan had been written off. Third, Mr. Georges argues that the accountant simply made a mistake when he listed the loan as a deductible business expense. The loan to Rose Harbour was characterized as an employee travel expense, and the accountant, who prepared the corporation's W-2's, should have known that Rose Harbour was not an employee.

The Commentary to the Sentencing Guidelines provides that "[i]n determining the total tax loss attributable to the offense . . . all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1 comment. n. 2. We believe the deposit of the loan repayment into the Georgeses' personal account and the deduction of the loan were acts inextricably tied to the long pattern of conduct engaged in by the Georgeses to conceal income, or at least the District Court could have so found. While the accountant testified that he did not specifically tell either Mr. or Mrs. Georges that he was treating the Rose Harbour loan as a deduction, we think his testimony may be understood to say that there was a general discussion about loans and employee advances, not likely to be collected, that

were simply written off. In addition, Mr. Georges's arguments concerning the Rose Harbour loan were made during trial, and, by adopting the government's version of the conduct at sentencing, the District Court implicitly rejected Mr. Georges's defense that he was unaware that the loan had been treated as a deductible business expense.

Whether an act or omission is relevant conduct is a factual determination subject to review under the clearly erroneous standard. United States v. Prendergast, 979 F.2d 1289, 1291 (8th Cir. 1992). We cannot say the District Court's finding that the tax loss caused by the deduction of the $5,000 loan should be included as relevant conduct for sentencing purposes was clearly erroneous. When the loan was repaid the next year, Mr. Georges knowingly kept his accountant in the dark when the repayment was not deposited into the corporate account.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-