# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2461

_____

United States of America,

              Appellee,

v.

Robert L. White,

              Appellant.

\*    Appeal from the United States
\*    District Court for the Western
\*    District of Missouri.

_____

Submitted: March 15, 2006
Filed: May 11, 2006

_____

Before COLLOTON, HEANEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Robert L. White pled guilty to one count of conspiring to distribute five grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The district court[1] sentenced White to 240 months' imprisonment. White appeals the sentence. For the reasons discussed below, we affirm.

_____

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

# I.   BACKGROUND

White initially was charged with five counts, including conspiracy to distribute crack cocaine, in a twelve-count indictment. The indictment charged White and five others, including Dale Willis, White's uncle, and Jakema L. Cutchlow, White's girlfriend, with crimes related to a large-scale crack cocaine distribution scheme operated in the metropolitan Kansas City area between 1988 and 2003. White eventually pled guilty to a one-count information charging him with conspiring with others, including Cutchlow, to distribute at least 5 grams of crack cocaine between August 15 and September 18, 2002. At sentencing, the Government dismissed the counts in the indictment as to White.

At his change of plea hearing, White admitted that on three occasions during August and September 2002 he conspired with Cutchlow to sell a total of 9.18 grams of crack cocaine to a confidential informant. However, in determining White's base offense level, the Presentence Investigation Report (PSR) attributed at least 1.5 kilograms of crack cocaine to White as "relevant conduct" under United States Sentencing Guidelines § 1B1.3. The additional amounts were based on facts set forth in the PSR that related to the larger conspiracy charged in the dismissed counts in the indictment. Based on the drug quantity calculation of 1.5 kilograms of crack cocaine, the PSR recommended a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c).

At sentencing, White challenged the attribution to him of any drug quantities in excess of the 9.18 grams of crack cocaine to which he admitted during his guilty plea hearing, arguing that those additional amounts related to the dismissed conspiracy count in the indictment, not to the conspiracy to which he pled guilty. He claimed that, as such, they were not relevant conduct under U.S.S.G. § 1B1.3. The district court overruled the objection, found White responsible for at least 1.5 kilograms of crack cocaine, and determined a total offense level of 37 and an advisory sentencing guidelines range of 360 months to life. The district court sentenced White to 240

months' imprisonment after granting a downward departure for substantial assistance. On appeal, White argues that the district court erred by relying on facts in the PSR to which White had objected and by attributing to him as relevant conduct drug amounts related to the dismissed indictment.

## II.    DISCUSSION

White first argues that the district court erred as a matter of law by adopting the facts in the PSR related to the conduct in the dismissed indictment without requiring the Government to offer further evidence to establish the existence of those facts. We review the district court's construction and application of the sentencing guidelines to the facts de novo. *United States v. Wintermute*, Nos. 04-4083, 05-2433, slip op. at 15 (8th Cir. Apr. 11, 2006) (finding that the district court failed to apply properly the sentencing guidelines where the court adopted facts in the PSR to which the defendant had objected, despite the fact that the Government failed to offer evidence at sentencing).

White claims that because he objected to the facts in the PSR, the district court could not properly rely on those facts without additional evidence from the Government at sentencing establishing them. *See, e.g.*, *Wintermute*, No. 04-4083, 05-2433, slip op. at 16 (citing *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004)). However, White mischaracterizes the status of his objections. Although he submitted written objections to the facts in the PSR prior to sentencing, White withdrew those objections at sentencing. Specifically, the following exchange occurred at sentencing among White's attorney (Mr. O'Connor), the Assistant United States Attorney (Mr. Powell), and the district court:

> THE COURT:          We're straight now. We all have the same
> information.
>
> Now, is it my understanding that both parties are

|                    | essentially going to stand on the record?  You're acknowledging that the facts in the presence report are correct? |
|--------------------|---|
| MR. O'CONNOR:      | That's correct, Judge. |
| THE COURT:         | That that is the facts. |
| MR. O'CONNOR:      | Yes, Judge. |
| THE COURT:         | And it's just the legal inferences that are to be drawn from those facts. |
| MR. O'CONNOR:      | That's correct. |
| MR. POWELL:        | Yes, Your Honor, that's my understanding. |
| THE COURT:         | All right.  Then I'll adopt the factual portions of the presence report as my findings of fact and conclusions of law. |

By acknowledging that the facts set forth in the PSR were correct, White withdrew his objections to the facts in the PSR and thereby waived his right to argue those objections on appeal.  *See United States v. Thompson*, 289 F.3d 524, 527 (8th Cir. 2002). A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant.  *United States v. Crawford*, 414 F.3d 980, 982 (8th Cir. 2005).  Because the Government is not required to produce further evidence in support of the admitted facts, the district court did not err in considering the facts in the PSR.

White also argues that the district court erred in finding that the facts in the PSR related to the dismissed counts of the indictment constituted relevant conduct as to the conspiracy charged in the information to which he pled guilty.  Because White continued to object to the conclusion that the facts related to the dismissed charges constituted relevant conduct, he preserved the issue for appeal.  Whether acts are

relevant conduct under the sentencing guidelines is a factual determination subject to review for clear error. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005) (citing *United States v. Killgo*, 397 F.3d 628, 631 (8th Cir. 2005)); *United States v. Georges*, 146 F.3d 561, 562 (8th Cir. 1998).

It is well-established that conduct related to a dismissed count may be relevant conduct for purposes of U.S.S.G. § 1B1.3. *United States v. Andreano*, 417 F.3d 967, 970 (8th Cir. 2005); *United States v. Cave*, 293 F.3d 1077, 1080 (8th Cir. 2002). A fact is relevant conduct if it is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Other offenses are part of the same course of conduct if they "are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3 app. n.9(B). In determining whether conduct is "sufficiently connected or related," the court considers factors such as "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*; *see, e.g.*, *United States v. Moore*, 212 F.3d 441, 446 (8th Cir. 2000) (holding that uncharged drug quantities were properly attributed to the defendant where the sale of those amounts occurred in the same city as the charged drug offense and occurred four to six months earlier).

The record shows that the conduct charged in the dismissed indictment is part of the same course of conduct as the conduct described in the information to which White pled guilty. In fact, the conspiracy charged in the information clearly is part of the larger conspiracy described in the indictment. The conspiracy to which White pled guilty occurred during the time frame of the larger conspiracy. It, like the conspiracy in the indictment, involved the sale of crack cocaine, which White acknowledged at his sentencing was his "lifestyle." It involved at least one other person, Cutchlow, who also was charged in the indictment. The specific sales to which White admitted in his guilty plea occurred in the same Kansas City neighborhood as the sales charged in the indictment. One of the sales occurred a

block from White's uncle's residence at 2606 Norton, a drug house from which drugs, weapons and drug paraphernalia were recovered during a January 2, 2003 search, one of two searches that led to the indictment of White and his co-conspirators. Accordingly, the district court did not clearly err in holding that the facts in the PSR related to the dismissed conspiracy count constituted relevant conduct and in including those facts in the determination of a drug quantity of at least 1.5 kilograms.

## III. CONCLUSION

Accordingly, we affirm the sentence of the district court.[2]

_____

[2]In addition to the instant appeal, pending before this Court is a pro se motion captioned, "Defendant-Appellant's Motion for a Hearing De Novo on the Sufficiency of the Charging Document (Indictment)." Attached to the motion is, among other things, the page from the indictment reflecting the charges that the Government dismissed. White complains that the indictment was facially insufficient to support his conviction. White, however, was not convicted of any crime set forth in the indictment. As such, his pro se motion is denied.