# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1442

_____

United States of America,      *
          *
        Appellee,      *
          *    Appeal from the United States
     v.          *    District Court for the
          *    Northern District of Iowa.
Jonathan Shub,      *
          *    [UNPUBLISHED]
        Appellant.      *

_____

Submitted: November 14, 2006
Filed: December 27, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Jonathan Shub pleaded guilty to traveling in interstate commerce to engage in sexual conduct with a minor, *see* 18 U.S.C. § 2423(b), the district court[1] sentenced him to 121 months' imprisonment. On appeal, Mr. Shub maintains that the district court erred by applying three sentencing enhancements under the United States Sentencing Guidelines and that his sentence is unreasonable. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Mr. Shub first contends that the district court erred in applying a two-level sentence enhancement for unduly influencing the victim to engage in prohibited sexual conduct. *See* U.S.S.G. § 2A3.2(b)(2)(2003). We need not reach the merits of Mr. Shub's argument: Because the district court made clear that it would have imposed the same 121-month sentence without the undue-influence enhancement, and that sentence would have fallen within the guideline range as calculated with or without the enhancement, any error was necessarily harmless. *See United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir. 1992), *cert. denied*, 504 U.S. 928 (1992).

Mr. Shub also challenges the district court's imposition of a two-level sentence enhancement for using a computer to "persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct." *See* U.S.S.G. § 2A3.2(b)(3)(A)(2003). Because Mr. Shub did not raise this issue in the district court, we review for plain error only. *United States v. Gomez*, 419 F.3d 835, 838 (8th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 597 (2005). To establish plain error, Mr. Shub "must show (1) an error, (2) that is plain, that not only (3) affected his substantial rights, but also (4) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Mr. Shub is unable to show that there was any error, much less plain error, in the district court's decision to impose the computer-use enhancement. The undisputed facts in this case demonstrate that Mr. Shub used a computer to persuade, induce, entice, or coerce the child to have sex with him. *See* U.S.S.G. § 2A3.2(b)(3)(A) (2003). Even if, as Mr. Shub maintains, the child needed little persuasion, it is clear that Mr. Shub used a computer to facilitate his crime. Further, Mr. Shub presented nothing from which we could conclude that the claimed error affected either his "substantial rights" or "the fairness, integrity or public reputation" of the sentencing proceeding.

Mr. Shub contends in addition that the district court erred in applying a two-level sentence enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1 (2003). But Mr. Shub waived this claim before the district court, thus precluding appellate review. *See United States v. Plano*, 507 U.S. 725, 733-34 (1993); *United States v. Thompson*, 289 F.3d 524, 526-27 (8th Cir.2002). At the sentencing hearing, Mr. Shub initially objected to the enhancement, but explicitly withdrew his objection. On appeal, Mr. Shub argues that the waiver is not valid because his attorney forced him to withdraw the objection. This argument fails, however, because the decision to withdraw the objection is the type of strategic decision for which a defendant is "deemed bound by the acts of his lawyer-agent." *See New York v. Hill*, 528 U.S. 110, 115 (2000) (internal quotation marks and citations omitted).

Mr. Shub also argues that his 121-month sentence is unreasonable. As we have said, Mr. Shub's sentence was within the advisory guideline range, and a sentence that falls within the guideline range is presumptively reasonable. *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005), *cert denied*, 126 S. Ct. 840 (2005). Mr. Shub contends, however, that the sentence is unreasonable because the district court did not consider the circumstances surrounding his offense, including the child's conduct, his history and characteristics, his remorse, and the disparity between the sentence that he received and the sentence that the State of Iowa would have imposed for the same offense. But the record reflects that the district court adequately addressed all of the relevant considerations under 28 U.S.C. § 3553(a) in imposing its sentence, and we have held that federal/state sentencing disparities cannot render a defendant's federal sentence unreasonable, *United States v. Jeremiah*, 446 F.3d 805, 807-08 (8th Cir. 2006). We thus conclude that Mr. Shub has not overcome the presumption that the sentence imposed on him was reasonable.

For the reasons stated, we affirm the district court's judgment.

_____