# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1544

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Randall L. Replogle, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 22, 2010
Filed: January 11, 2011

_____

Before RILEY, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Randall Lee Replogle pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a). The district court[1] sentenced Replogle to 360 months' imprisonment. Replogle appeals his sentence, and we affirm.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

## I.

In November 2009, Replogle pled guilty, pursuant to a plea agreement, to one count of production of child pornography. A presentence investigation report ("PSR") recommended, *inter alia*, that the district court apply a two-level upward adjustment for obstruction of justice under USSG § 3C1.1, and a two-level upward adjustment for knowledge of a vulnerable victim under USSG § 3A1.1(b)(1). Replogle submitted written objections to these recommendations, denying the facts asserted in the PSR in support of the obstruction of justice adjustment and arguing that the PSR's factual assertions did not warrant application of the vulnerable victim adjustment.

At sentencing, however, Replogle's counsel told the district court that Replogle had no objections to the factual statements in the PSR, and the district court adopted those factual statements as its findings of fact. The district court then entertained arguments regarding the PSR's application of the sentencing guidelines to the facts, and Replogle raised essentially the same arguments against the proposed adjustments that he made in his written objections. The district court overruled Replogle's objections and adopted the recommendations of the PSR.

Later in the hearing, the district court identified an alternative basis for the obstruction of justice adjustment. During the proceeding, Replogle repeatedly spoke out of turn, interrupted his counsel and the court, and challenged his guilty plea. The district court responded by stating that if the court had not already applied the two-level adjustment under § 3C1.1, then Replogle's conduct at the hearing – his demeanor, his lack of respect for the court, defense counsel, and the Marshal's Service, and his efforts to obstruct the proceeding – also rose to the level of obstruction of justice.

The court also remarked that Replogle's statements during the hearing bolstered the court's application of the vulnerable victim adjustment under § 3A1.1(b)(1).

During his allocution, Replogle stated that the victim had mental and emotional vulnerabilities and that he was aware of them. The court said that "if there was any confusion about paragraph 21" of the PSR, which recommended the adjustment, then Replogle's admission that he knew "there was something terribly wrong with the girl" resolved it.

The district court ultimately determined that Replogle's advisory guideline range was 360 months' to life imprisonment, based on a total offense level of 42 and a criminal history category of I. The court sentenced Replogle to 360 months' imprisonment.

II.

Replogle first argues that the district court erred by applying the adjustment for obstruction of justice. He contends that the district court relied on unproven factual assertions in the PSR, and that his behavior during the sentencing hearing did not warrant application of the adjustment because it was caused by mental illness and was not willful. "[W]e review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Griffin*, 482 F.3d 1008, 1011 (8th Cir. 2007).

If a defendant objects to factual statements in a PSR, then the sentencing court may not rely on those facts unless the government proves them by a preponderance of the evidence. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). But if the defendant makes no objection to the factual statements, and objects only to the PSR's application of the guidelines to the facts, then the court may adopt the factual statements in the PSR as its findings of fact. *United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006). Likewise, if a defendant makes written objections to the factual allegations in a PSR, but tells the court during the sentencing hearing that the facts in the PSR are accurate, then the written objections are withdrawn, and

the defendant waives any objection to the facts set forth in the PSR. *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006).

Although Replogle made written objections to certain factual statements in the PSR, he withdrew them at the outset of the sentencing hearing:

> THE COURT: On behalf of Mr. Replogle, are there any objections to the factual statements in the presentence report?
>
> [COUNSEL]: No, your honor.
>
> \*               \*               \*
>
> THE COURT: There being no objections to the factual statements in the presentence report, I adopt those statements as the findings of fact in this proceeding.

Sent. Tr. at 2-3.

At no point during the hearing did Replogle ask the court to reopen the evidentiary portion of the proceeding. Replogle did not object when the court adopted the PSR's factual statements as its findings of fact, and his later factual arguments were made while the court was entertaining objections to the PSR's application of the guidelines to the facts. Accordingly, we conclude that the district court properly relied on the factual statements in the PSR, and that Replogle waived his right to argue factual objections on appeal. *White*, 447 F.3d at 1032; *United States v. Thompson*, 289 F.3d 524, 527 (8th Cir. 2002).

We also conclude that the district court properly applied the adjustment for obstruction of justice. The commentary to § 3C1.1 provides that "threatening, intimidating, or otherwise unlawfully influencing a . . . witness . . . directly or indirectly, or attempting to do so," is an example of conduct that warrants the

adjustment. USSG § 3C1.1, comment. (n.4). According to the PSR, an inmate at the St. Louis County Jail wrote a letter to the victim telling her how to write to Replogle and instructing her not to "say nothing to no one." Replogle sent the victim a letter telling her how to write to him, directing her several times not to tell anyone, and instructing her to throw away his letter when she was done with it. Replogle sent the victim two additional letters and a Christmas card. And Replogle made nineteen phone calls to the victim's residence over a three-day period. The district court concluded that Replogle's continued contact with the victim, including his telling her to destroy his letters, was "classic obstruction of justice." We agree that the evidence supports a finding that Replogle attempted unlawfully to influence a witness, and that the adjustment applies. *See United States v. Mugan*, 441 F.3d 622, 631-32 (8th Cir. 2006); *see also United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009). We need not consider whether Replogle's conduct at sentencing independently justified the adjustment.

III.

Replogle next contends that the district court erred by applying the enhancement for knowledge of a vulnerable victim under § 3A1.1(b)(1). Section 3A1.1(b)(1) provides that "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." The definition of "vulnerable victim" includes one who is unusually vulnerable due to mental condition, or who is otherwise particularly susceptible to the criminal conduct. USSG § 3A1.1, comment. (n.2).

Replogle argues that the facts set forth in the PSR are not sufficient to support application of the adjustment, and that the district court improperly relied on statements that Replogle made during the sentencing hearing. Whether a victim is vulnerable and whether a defendant knew or should have known of a victim's

vulnerability are factual determinations that we review for clear error. *United States v. Janis*, 71 F.3d 308, 311 (8th Cir. 1995).

The record supports a finding that the victim was vulnerable, and that Replogle knew or should have known about her vulnerability. When the police interviewed the victim, they found her to be of low mental function for a fourteen-year-old girl. Later, the Child Advocacy Center interviewed the victim and concluded that she is learning disabled and developmentally delayed. The police also discovered that the victim lived next door to Replogle, that she stayed at Replogle's residence in the mornings from the time her mother left for work until she left for school, and that she watched movies with Replogle at his residence. Investigation further revealed that Replogle abused the victim for approximately two years. This evidence is sufficient to establish that the victim was vulnerable and to support an inference that Replogle had the requisite knowledge.

Replogle's statements at sentencing confirm the court's finding. Early in the hearing, Replogle stated that the victim went to his residence "because her brother was choking her to death after he had raped her," and that Replogle let the victim come to his residence "so she [could] be safe." During allocution, Replogle told the court that the victim was "at the point where somebody tells her something, she's going to do what they say, probably." He explained that the victim has "something totally wrong with her," that the victim's mother "does drugs every day in front of" the victim, that he noticed "that there's something that's not right with her," and that he "think[s] it's an emotional thing because . . . her father's never there, and her mother's always . . . getting in fights with the brother." He also acknowledged that the victim told him that she goes to a school that has "something different about it."

Replogle contends that the district court should not have considered the unsworn statements he made during the sentencing hearing. The rules of evidence do not apply at sentencing, however, and the court may consider any information with

sufficient indicia of reliability to support its probable accuracy. USSG § 6A1.3; *United States v. Azure*, 596 F.3d 449, 454 (8th Cir. 2010). The court applied the vulnerable victim adjustment based on the statements in the PSR, and the finding was adequately supported by that evidence alone. The court commented later that Replogle's statements during the hearing bolstered the court's previous conclusion, and we see no error in the court's reference to this information as further support for the adjustment. Replogle's statements were against his penal interest, and they were consistent with the reasonable inferences already drawn from the facts established by the PSR. The district court thus did not clearly err in applying the vulnerable victim enhancement.

IV.

Finally, Replogle argues that the district court committed procedural error by failing to explain adequately why it chose a sentence of 360 months' imprisonment. He also contends that the sentence is substantively unreasonable under 18 U.S.C. § 3553(a), because the district court failed to give sufficient mitigating weight to his troubled childhood, punished him for his disruptive behavior, and relied on the symptoms of his mental disorders to conclude that he was unable to conform to societal norms.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), and we presume that a sentence within the advisory guideline range is reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005).

We conclude that the district court adequately explained the sentence, and that the term imposed is not unreasonable. The court cited Replogle's offense conduct in this case and a prior conviction for harassment, during which Replogle claimed to be

the father of a child to whom he was not related and tried to meet the child at the child's school.  The court explained that Replogle preyed on vulnerable victims while asserting that he did nothing inappropriate.  The court acknowledged Replogle's history of mental illness and difficult home life as a child, and remarked that there are "issues that go both ways," but ultimately determined that a lengthy sentence was necessary to protect the public and to provide deterrence.  The court's explanation is sufficient to show that the court considered the arguments of the parties and had a reasoned basis for exercising its sentencing authority.  *See United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009).  Applying the deferential standard of review mandated by *Gall*, we see no abuse of discretion in selecting a sentence at the bottom of the presumptively reasonable advisory range.

*          *          *

The judgment of the district court is affirmed.

_____