# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2444

_____

United States of America,                    *
                                             *
            Plaintiff - Appellee,            *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   District of Minnesota.
Avelino Villares-Astudillo,                  *
also known as Andres Coli Perez,             *   [UNPUBLISHED]
                                             *
            Defendant - Appellant.           *

_____

Submitted: February 18, 2011
Filed: March 11, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Avelino Villares-Astudillo pleaded guilty to illegally reentering the United States following a prior deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] sentenced him to fifty-seven months' imprisonment. Villares-Astudillo appeals, arguing that his sentence was substantively unreasonable and failed to account adequately for his personal history and characteristics under 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, now retired.

I.

Villares-Astudillo is a native and citizen of Mexico. He has been removed from the United States on three separate occasions. In May of 2003, he was removed following an aggravated felony conviction for second-degree aiding and abetting assault. In November of 2003, he was again removed following a second conviction for second-degree aiding and abetting assault. In January of 2005, he was removed for the third time following an aggravated felony conviction for being a prohibited person in possession of a firearm. He subsequently returned to the United States without permission, and in 2010, he was arrested for domestic assault. He was charged with and pleaded guilty to unlawful reentry after deportation. At the sentencing hearing, the district court adopted the guideline calculations in the presentence investigation report ("PSR"), which provided for an offense level of twenty-one and criminal history category IV, yielding an advisory sentencing range of fifty-seven to seventy-one months. Villares-Astudillo sought a downward variance to a sentence at or below twenty-four months, raising mitigating factors such as his troubled childhood, his devotion to his family, his desire to re-establish contact with and provide for his son, and the fact that at the time of his arrest, he was planning to return to Mexico. The district court declined to impose a below-guideline sentence and sentenced Villares-Astudillo to fifty-seven months, which was at the bottom of the applicable Guidelines range.

II.

Villares-Astudillo does not complain of procedural error, but contends that his sentence is substantively unreasonable because it is longer than necessary to achieve the goals of sentencing and because he merited a sentence below the advisory Guidelines range based on proper consideration of the 18 U.S.C. § 3553(a) factors. Because Villares-Astudillo does not challenge the district court's calculation of the advisory Guidelines range, we review his sentence for abuse of discretion, Gall v.

United States, 552 U.S. 38, 51–52 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), and note that a sentence within a properly calculated Guidelines range is presumptively reasonable on appeal, Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Replogle, 628 F.3d 1026, 1031 (8th Cir. 2011). We review substantive reasonableness "considering the totality of the circumstances," United States v. Shy, 538 F.3d 933, 937 (8th Cir. 2008), looking at the entire sentencing record, "not merely the district court's statements at the hearing," United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008).

The district court did not abuse its discretion in sentencing Villares-Astudillo at the low end of the Guidelines range. It is evident the court considered Villares-Astudillo's history and circumstances in sentencing him to fifty-seven months' imprisonment. The court had exposure to the arguments presented on appeal by Villares-Astudillo and the relevant § 3553(a) factors after reading the PSR, reviewing Villares-Astudillo's sentencing memorandum, and listening to the additional argument proffered by Villares-Astudillo's counsel at the sentencing hearing. See United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) ("[T]he district court had significant exposure to the sentencing issues [defendant] claims it failed to adequately consider."); United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) ("Normally, a district court that is aware of an argument does not abuse its discretion by not considering it."). It is also evident the district court considered Villares-Astudillo's arguments but found they were not sufficiently compelling to warrant a downward variance. At the sentencing hearing, the court noted that Villares-Astudillo had "been convicted of a gun crime, where two people were shot" and that Villares-Astudillo was the shooter. Next, the court observed that Villares-Astudillo had "reentered the United States illegally, and possessed another firearm in Hennepin County." The court also considered Villares-Astudillo's contention that part of his motivation in coming to the United States was to make arrangements for his child to spend custodial visits with him in Mexico. The court found this argument "not very persuasive" because Villares-Astudillo could have

accomplished this objective without returning to Minnesota. Giving deference to the district court's decision, we conclude the sentence of fifty-seven months is not unreasonable.

## III.

Accordingly, we affirm the judgment of the district court.

_____