# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1244

_____

United States of America

*Plaintiff - Appellee*

v.

John Paul Bowers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 22, 2013
Filed: March 4, 2014

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

John Paul Bowers pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The district court[1] sentenced him to 110 months' imprisonment. Bowers appeals his sentence, and we affirm.

After Bowers pleaded guilty, the United States Probation Office prepared a presentence investigation report (PSR) wherein it calculated Bowers's advisory sentencing range under the United States Sentencing Guidelines (U.S.S.G.). The PSR determined his base offense level to be 24 and recommended that the offense level be increased by two levels because the firearm was stolen, see U.S.S.G. § 2K2.1(b)(4)(A), and by four levels because the firearm was used or possessed in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(6)(B). After decreasing the offense level by three levels for acceptance of responsibility, see U.S.S.G. § 3E1.1, the PSR determined that Bowers's total offense level was 27. With a criminal history category of VI, the PSR concluded that Bowers's advisory sentencing range was 130 to 162 months' imprisonment. His statutory maximum term of imprisonment was 120 months' imprisonment. See 18 U.S.C. § 924(a)(2).

Bowers objected to the two enhancements, arguing that the evidence did not establish that the firearm was stolen or that he had possessed the firearm in connection with another felony offense. In its sentencing memorandum, the government informed the court that neither enhancement should apply. With respect to the two-level enhancement for possessing a stolen firearm, the government determined that the enhancement did not apply. With respect to the four-level enhancement for possessing the firearm in connection with another felony offense, the government informed the court that its witnesses were unavailable and that the government thus could not present evidence to support the enhancement. The government agreed with Bowers that his total offense level should be 21 and that his advisory sentencing range should be 77 to 96 months' imprisonment.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Bowers did not object to the factual allegations set forth in paragraphs 10, 12, and 13 of the PSR prior to the sentencing hearing. Those paragraphs provided factual support for the four-level enhancement. At sentencing, Bowers objected to those paragraphs, arguing that they were not supported by the evidence. The district court pressed counsel for his reason for the objection, saying, "[T]he defendant also doesn't get acceptance of responsibility if he's falsely denying and frivolously contesting relevant conduct." Ultimately, defense counsel decided to withdraw the objections, saying, "I'm going to withdraw everything I said about objecting to paragraphs 10, 11, 12 and 13[.]" Bowers maintained his objections to paragraphs 19 and 20, which applied the two enhancements and increased his base offense level by six. The district court then applied the four-level enhancement. It relied on the factual summary from the PSR to find that the firearm was possessed in connection with another felony offense. The district court granted the three-level reduction for acceptance of responsibility and did not apply the two-level enhancement for possessing a stolen firearm. The district court accordingly determined that Bowers's total offense level was 25, with an advisory guidelines range of 110 to 137 months' imprisonment. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Bowers to 110 months' imprisonment.

On appeal, Bowers argues that the district court erred in applying the § 2K2.1(b)(6)(B) enhancement because the government did not offer evidence to support it. He contends that he did not withdraw his objection to the factual assertions in the PSR and that even if he did, the application of the enhancement constituted plain error.

"If a defendant objects to factual statements in a PSR, then the sentencing court may not rely on those facts unless the government proves them by a preponderance of the evidence." United States v. Replogle, 628 F.3d 1026, 1029 (8th Cir. 2011)

-3-

(citing United States v. Poor Bear, 359 F.3d 1038, 1041 (8th Cir. 2004)).[2] The court may adopt the factual statements in the PSR, however, if the defendant objects only to the PSR's application of the guidelines to the facts and not to the PSR's factual statements. Id. (citing United States v. Bledsoe, 445 F.3d 1069, 1073 (8th Cir. 2006)). "Likewise, if a defendant makes written objections to the factual allegations in a PSR, but tells the court during the sentencing hearing that the facts in the PSR are accurate, then the written objections are withdrawn, and the defendant waives any objection to the facts set forth in the PSR." Id. (citing United States v. White, 447 F.3d 1029, 1032 (8th Cir. 2006)).

The record is clear that Bowers withdrew his objections to the factual statements in the PSR, which permitted the district court to rely upon them to find that the § 2K2.1(b)(6)(B) enhancement was applicable. Bowers argues that it was nonetheless plain error to do so. The error, he argues, was that of basing an enhancement on facts that were not in the record. As set forth above, however, the district court could adopt the factual statements set forth in the PSR after Bowers withdrew his objections to them. This is true even though the parties agreed that the enhancement should not apply.

We cannot say what would have happened had Bowers maintained his objections to the PSR's factual statements. Had the district court decided to proceed with sentencing and denied the acceptance of responsibility reduction, Bowers could have appealed his sentence and argued that there was no basis to deny the reduction. Had the district court decided to continue the sentencing hearing and conduct its own investigation, perhaps evidence would have been found to support the enhancement. See United States v. DeWitt, 366 F.3d 667, 671 (8th Cir. 2004) (recognizing the

---

[2]The Supreme Court granted certiorari and vacated judgment in Replogle. On remand, we reinstated our earlier opinion. United States v. Replogle, 678 F.3d 940, 943 (8th Cir. 2012).

district court's authority to conduct its own investigation and call witnesses). Because the objections were withdrawn, however, the district court did not err in relying on the factual statements set forth in the PSR to find that the four-level enhancement for possessing a firearm in connection with another felony offense applied.

The sentence is affirmed.

_____