# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2582
_____

United States of America

*Plaintiff - Appellee*

v.

Claudia Suarez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: March 10, 2014
Filed: May 2, 2014
[Unpublished]
_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Claudia Suarez pled guilty to conspiracy to possess with intent to distribute oxycodone, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and § 846. The district court[1] sentenced Suarez to 100 months' imprisonment. Suarez appeals her sentence. For the reasons explained below, we affirm.

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Prior to Suarez's sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"), to which Suarez filed numerous written objections. As relevant here, Suarez objected to a paragraph in the PSR that contained a statement by two of her co-defendants identifying Suarez as "the organizer of this conspiracy." However, at Suarez's sentencing hearing, the district court determined that Suarez withdrew her written objections to the PSR, adopted the PSR, and concluded that "among the people who were charged, Ms. Suarez is certainly one of, if not the most culpable person."[2] After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Suarez to a within-the-guidelines sentence of 100 months' imprisonment.

Suarez's sole argument on appeal is that her purported withdrawal of objections to the facts set forth in the PSR did not constitute a valid waiver of those objections. As such, Suarez contends that the district court erred by relying on objected-to facts in the PSR that were not proved by the Government, which would amount to a procedural error in her sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that a sentencing court commits a "significant procedural error" by "selecting a sentence based on clearly erroneous facts"). Waiver is a question of law that we review *de novo*. *See United States v. Birbragher*, 603 F.3d 478, 490 (8th Cir. 2010).

During Suarez's sentencing hearing, the district court asked Suarez's counsel whether there were any objections to the PSR, which prompted the following colloquy among Suarez's counsel (Mr. Mays), Suarez, and the district court:

Mr. Mays: We had filed objections, Your Honor. And may I have just one moment?

The Court: You may.

(Mr. Mays confers with defendant.)

---

[2]This finding did not result in an adjustment to Suarez's offense level under U.S.S.G. § 3B1.1 or any other guidelines provision.

The Court:  And I have read the presentence report, and I know that in the addendum there were filed objections, and sometimes parties withdraw them before they come in here and sometimes they don't, and so that's why I ask.

(Mr. Mays confers with defendant.)

Mr. Mays:  Your Honor, at this time Ms. Suarez has indicated to me that she would like to withdraw the objections that were previously filed on her behalf.  I also note that I believe she conveyed some of her objections individually in writing to the Court, which the Court forwarded to myself and to counsel for the government.  But at this time she would withdraw those objections.  And I would also like to ask Ms. Suarez, is that, in fact, what you would like to do this morning?

The Defendant:  Yes.  You already read the objections and then, you know, that's all that matters to me that you know the objections.  I can withdraw them.

Based upon this exchange, the district court determined that Suarez withdrew her objections to the PSR.

We conclude that Suarez waived her objections to the facts set forth in the PSR. If a defendant objects to the facts set forth in the PSR, then the sentencing court may not rely on those facts unless the Government proves them by a preponderance of the evidence. *United States v. Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014).  But if a defendant objects to the facts in the PSR and later withdraws those objections, then the defendant waives her objections to the facts in the PSR. *Id.* at 1184; *United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008).  A defendant withdraws objections to the facts in the PSR where counsel states that he is withdrawing those objections or states that the defendant has no objections, *Bowers*, 743 F.3d at 1184-85; *United States v. Replogle*, 628 F.3d 1026, 1029-30 (8th Cir. 2011),[3] or where counsel

---

[3]Although the United States Supreme Court granted certiorari and vacated the judgment in *Replogle*, on remand we reinstated our earlier opinion. *United States v.*

-3-

acknowledges that the facts in the PSR are correct, *United States v. White*, 447 F.3d 1029, 1031-32 (8th Cir. 2006). Here, after conferring with Suarez, her counsel informed the district court that Suarez wished to withdraw her objections to the PSR, and Suarez verbally agreed to this course of action. *See Burnette*, 518 F.3d at 946 (finding withdrawal of objections to PSR based on statement of counsel, to which defendant agreed). Consequently, Suarez withdrew her objections to the PSR and thereby waived her objections to the facts set forth in the PSR.

We are not persuaded by Suarez's contention that this waiver is invalid because she purportedly did not understand the consequences of withdrawing her objections to the PSR. The United States Supreme Court has explained that "[w]hat suffices for waiver depends on the nature of the right at issue." *New York v. Hill*, 528 U.S. 110, 114 (2000). For certain rights, "waiver may be effected by action of counsel," in which case "the defendant is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 114-15 (internal quotation marks and citations omitted). "[D]ecisions by counsel are generally given effect as to what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence." *Id.* at 115 (internal citations omitted). Counsel's withdrawal of objections to the facts set forth in the PSR is the type of strategic decision that binds the defendant; thus, the defendant is deemed to have notice of the consequences of such an action through her attorney. *See id.*; *Replogle*, 628 F.3d at 1029-30 (finding defendant waived objections to facts in PSR due to statement by counsel); *White*, 447 F.3d at 1031-32 (same); *United States v. Shub*, 210 F. App'x 547, 548-49 (8th Cir. 2006) (per curiam) (concluding defendant was bound by his attorney's decision to withdraw an objection to a sentencing guidelines enhancement). Accordingly, Suarez's counsel's statement in this case that Suarez wished to withdraw her objections to the PSR, which was made after consulting with her and to which she verbally agreed, sufficed for Suarez to waive her objections to the facts set forth in the

---

*Replogle*, 678 F.3d 940, 943 (8th Cir. 2012).

PSR. *See Hill*, 528 U.S. at 115 ("Absent a demonstration of ineffectiveness, counsel's word on such matters is the last.").

For these reasons, we affirm Suarez's sentence.[4]

_____

[4]Suarez does not challenge the substantive reasonableness of her sentence. Thus, we do not address that issue. *See United States v. Pepper*, --- F.3d ---, 2014 WL 1063313, at \*4 n.6 (8th Cir. Mar. 20, 2014).