# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2593

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Bankhead

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 9, 2015
Filed: February 20, 2015
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Calvin Bankhead pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was initially sentenced under the Armed Career Criminal Act, however, on appeal of that sentence, the government conceded

a Descamps[1] error, and this court reversed his sentence and remanded for resentencing. See United States v. Bankhead, 746 F.3d 323 (8th Cir. 2014). On remand, the district court[2] sentenced Bankhead to 96 months imprisonment. Bankhead appeals this sentence, arguing the district court erred in calculating the appropriate Sentencing Guidelines range. He also argues the district court should have required specific proof of his disorderly conduct and domestic assault convictions before including those convictions in his criminal history even though Bankhead had withdrawn any objection to this issue. We affirm.

Prior to resentencing, a revised presentence investigation report (PSR) was prepared, and the revised PSR assessed Bankhead with 13 criminal history points, placing him in Category VI for his criminal history. Bankhead objected to the assessment of four criminal history points for his prior convictions for disorderly conduct and domestic assault. He argued that because he pled guilty to both offenses on the same day and because there was no intervening arrest, he should have only been given two criminal history points under section 4A1.2(a)(2) of the Sentencing Guidelines.

The district court overruled Bankhead's objection, holding that because the two offenses had different settings and facts, the sentences should be counted separately for purposes of section 4A1.2(a)(2).

Bankhead raises three grounds for appeal: (1) the district court erred in assessing four criminal history points for the two offenses, (2) alternatively, even if the Sentencing Guidelines permit the assessment of four criminal history points, the district court should have departed downward under section 4A1.3 as Bankhead's

_____

[1]Descamps v. United States, 133 S. Ct. 2276 (2013).

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Category VI criminal history substantially over-represents the seriousness of his criminal history, and (3) the district court should have required the government to produce more documentation with respect to the disorderly conduct and domestic assault convictions before including them in his criminal history as Bankhead asserted that they represent parole violation matters rather than convictions.

"We review the district court's application of the Guidelines de novo and review its factual findings for clear error." United States v. Woodard, 694 F.3d 950, 953 (8th Cir. 2012). Section 4A1.2(a)(2) provides that when determining a defendant's criminal history when there is no intervening arrest, "prior sentences are counted separately unless . . . the sentences were imposed on the same day." United States Sentencing Commission, Guidelines Manual, § 4A1.2(a)(2). There is no factual dispute that while Bankhead pled guilty to the disorderly conduct charge and the domestic violence charge on the same day, he was sentenced on the two charges on two separate days, likely due to Minnesota's requirement that a presentence investigation be conducted in all domestic abuse prosecutions. See Minn. Stat. § 609.2244. Bankhead argues for an equitable exception to the plain rule in section 4A1.2(a)(2) that sentences imposed on separate days be counted separately, but nothing in the Sentencing Guidelines or the case law pertaining to section 4A1.2(a)(2) supports the application of an exception. Thus, the district court properly counted the two convictions separately and properly assessed four criminal history points.

Bankhead's second argument, that the district court should have departed under section 4A1.3 for an over-representation of criminal history, was never raised to the district court. Even when a defendant moves for a downward departure on this basis, a district court's denial of the motion is virtually unreviewable. See United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010) (holding that absent a showing of unconstitutional motive, a district court's refusal to grant a section 4A1.3 downward departure is not reviewable on appeal so long as the court was aware of its authority to depart). We see no error, plain or otherwise, in the district court's failure to grant

a sua sponte downward departure. <u>See</u> <u>United States v. Martin</u>, 583 F.3d 1068, 1073 (8th Cir. 2009) (applying plain error review where defendant failed to raise basis for downward departure before district court).

Finally, Bankhead argues that the government should have provided more evidence of his prior convictions in light of his claim that the offenses were resolved as parole violations instead of new convictions. In response to his written objections, the probation officer obtained records of the prior convictions and provided those records to Bankhead. Bankhead acknowledges in his brief that his objection to the factual basis of the prior convictions was withdrawn at the sentencing hearing. As such, he waived any objection, and the district court was warranted in accepting the PSR's factual statements that Bankhead had the two prior convictions. <u>See</u> <u>United States v. Bowers</u>, 743 F.3d 1182, 1184-85 (8th Cir. 2014).

Accordingly, we affirm Bankhead's sentence.

_____