# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-4547

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Eric Nathan Hans,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: January 8, 2018
Filed: June 11, 2018
[Unpublished]

——————————

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Eric Hans pleaded guilty to one count of production of child pornography. The district court[1] sentenced Hans to 292 months' imprisonment, the minimum of his

———————————

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

advisory sentencing guideline range. Hans appeals the substantive reasonableness of his sentence. We conclude that there was no error or abuse of discretion by the district court, and we therefore affirm.

The prosecution arose from a visit by police to Hans's residence in Davenport, Iowa, on July 5, 2014. Police spoke with Hans's wife and her minor daughter A.H., who was Hans's stepdaughter. A.H. reported that she had discovered a miniature video recording device in the bathroom. Both A.H. and her mother reported finding similar cameras on other occasions during the previous three years.

Police seized several electronic devices, including computers. A search of one computer revealed twenty-three images of suspected child pornography. In October 2014, police examined a computer memory card, known as a micro SD card, that belonged to Hans. The micro SD card contained nine images of A.H. and four images of child pornography downloaded from the Internet in January 2010. The images of A.H. depicted Hans's hand pulling down her pajama pants and A.H.'s exposed vagina. The pictures of A.H. were created in or around December 2010.

Hans pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). At sentencing, the district court determined an advisory guideline range of 292 to 360 months' imprisonment. Hans argued for a variance below the range, but the court sentenced Hans at the bottom of the range to 292 months. Hans advances four reasons on appeal why his sentence is substantively unreasonable, although his argument actually blends a claim that his sentence was too long with assertions of procedural error at sentencing.

First, Hans contends that the district court improperly based its sentence on facts from the presentence report to which Hans had objected before the hearing. This is a claim of procedural error, *see United States v. Suarez*, 564 F. App'x 262, 263 (8th Cir. 2014), and Hans did not object at the hearing to the district court's

consideration of facts. To the contrary, when asked at the hearing whether there was "anything" that the court would need to resolve "[a]side from variance matters," Hans did not present any dispute about facts in the presentence report. By failing to alert the court to factual disputes that required resolution, Hans effectively withdrew his written objections. Thus, the district court properly relied upon the report when crafting its sentence. *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006).

Second, Hans contends that the district court failed to consider that Hans had never served a significant period of incarceration. Hans raised this argument in his sentencing memorandum, and highlighted his lack of criminal history at the hearing. The district court explained that it had "received and read the Sentencing Memorandums of the parties," and recited each of Hans's prior convictions. The record thus demonstrates that the district court heard and considered Hans's arguments but simply found them unconvincing.

Third, Hans complains that the district court erroneously stated that USSG § 4B1.5, which applies to a "repeat and dangerous sex offender against minors," "trumped" other guideline provisions. There was no error here, because the district court merely explained why Hans's argument about the absence of certain adjustments under Chapter 2 did not persuade the court to vary downward from the advisory guideline range. Although Hans's offense conduct did not trigger certain offense characteristics under USSG § 2G2.1, the court found that Hans was a "repeat and dangerous sex offender against minors" within the meaning of § 4B1.5. The court's use of the term "trumped" evidently gave effect to the court's reasonable conclusion that any leniency that might have been warranted by the calculations under Chapter 2 was overcome by the aggravating circumstance of Hans's record as a repeat offender under § 4B1.5.

Finally, Hans argues that the district court imposed an unreasonable sentence that was lengthier than the facts of the case warranted. We review the court's

decision under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and we presume that a sentence within the advisory guideline range is reasonable because it accords with the recommendation of the Sentencing Commission. *United States v. Kimball*, 830 F.3d 747, 750 (8th Cir. 2016); *see Rita v. United States*, 551 U.S. 338, 347 (2007). In light of Hans's repeated offense conduct against a child under his custody, care, or supervisory control, the district court acted within its discretion to reject Hans's arguments for a downward variance.

The judgment of the district court is affirmed.

_____