# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1378

_____

United States of America

*Plaintiff - Appellee*

v.

Todd Allen Torres

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: September 17, 2012
Filed: September 28, 2012
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Todd Torres pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him to 48 months in prison.

---

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

The court applied a base offense level for crimes involving a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(3). The court also included Torres's prior convictions from under age 18 when determining his criminal history category. Torres appeals his sentence, and we affirm.

Police discovered during a traffic stop that Torres, a convicted felon, was carrying a .32 caliber revolver and had a Norinco SKS rifle and high capacity magazine in his trunk. He also admitted to having another firearm at home. Torres pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The presentence investigation report (PSR) recommended a base offense level of 22 because Torres's offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" and he had a prior conviction for a crime of violence. See U.S.S.G. § 2K2.1(a)(3). The PSR also recommended placing Torres in criminal history category IV due to his prior convictions, including two that had been committed when he was under 18 years old. Torres objected to the base offense level and to the use of his convictions before he reached age 18.

At sentencing a law enforcement officer testified that the SKS rifle found in Torres's trunk could be disassembled and fitted with the large capacity magazine in two to three minutes. A video was played showing an officer test firing the rifle with the magazine and indicating that the gun could fire multiple rounds if the magazine were held in place. Based on this evidence, the district court concluded that the rifle was a firearm capable of accepting a large capacity magazine and applied a base offense level of 22.

In calculating Torres's criminal history the district court included sentences that had been imposed when he was under age 18. Both of these sentences were imposed more than 5 years but less than 15 years prior to the instant offense. Torres

argued these sentences did not qualify for criminal history points under U.S.S.G. § 4A1.2(d)–(e) because only sentences within the past 5 years may be counted. The district court concluded that adult sentences of greater than one year and one month which had been imposed or served within the past 15 years are included when determining a defendant's criminal history category.

The district court adopted the PSR's calculations for Torres's base offense level and number of criminal history points, but reduced Torres's criminal history category from IV to III. The resulting guideline range was 46 to 57 months, and the district court sentenced Torres to 48 months in prison. Torres appeals his sentence, renewing the objections he made in the district court. This court reviews the district court's interpretation of the guidelines de novo and its application of the guidelines to the facts for clear error. United States v. Yarrington, 634 F.3d 440, 451 (8th Cir. 2011).

Torres first argues that a firearm must be designed to handle a large capacity magazine to apply the base offense level of 22 under U.S.S.G. § 2K2.1(a)(3). He contends that his SKS rifle was not designed to handle the large capacity magazine because the rifle had to be disassembled to accept the magazine and because the shooter had to hold the magazine in place for the gun to fire multiple rounds without reloading.

The evidence at sentencing establishes that the district court properly applied the base offense level of 22 under U.S.S.G. § 2K2.1(a)(3). Application note 2 defines a semiautomatic firearm that is capable of accepting a large capacity magazine as one that "has the ability to fire many rounds without reloading." U.S.S.G. § 2K2.1 cmt. n.2. The large capacity magazine must have been attached or "in close proximity" to the firearm at the time of the offense. Id. The rifle in Torres's trunk meets this definition. The officer described the brief procedure that could be used to fit the large capacity magazine to the rifle, and the government's video showed another officer

quickly performing this task. The video also showed the officer using the rifle with the large capacity magazine to fire multiple rounds without reloading. Such evidence proved the rifle was "capable of accepting" the large capacity magazine.

Torres next argues that the two convictions he had before he was 18 should not be considered when determining his criminal history category. He contends that sentences imposed after age 18 can be included in criminal history points for 15 years, see U.S.S.G. § 4A1.2(e)(1), but that sentences before age 18 can be included for only five years, see U.S.S.G. § 4A1.2(d)(2). Torres relies on application note 7 to § 4A1.2, which states that "for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imprisonment of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted."

The district court properly included both of Torres's sentences for crimes he had committed when he was under age 18 when calculating his criminal history points. In calculating criminal history points, U.S.S.G. § 4A1.2(d) applies to offenses committed prior to age 18. That provision is divided into two subsections. Subsection (1) instructs that "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points . . . for each such sentence." A sentence falling within subsection (1) counts for criminal history points if that sentence was imposed within 15 years of the instant offense or the imprisonment from that sentence was during any part of that same period. U.S.S.G. § 4A1.2(e)(1). By contrast, subsection (2) of § 4A1.2(d) covers all other offenses that were committed prior to age 18. A sentence falling within subsection (2) qualifies for criminal history points only if the defendant was released from confinement within five years of the instant offense or if the sentence was imposed within the prior five year period. U.S.S.G. § 4A1.2(d)(2)(A)–(B).

Subsection (1) controls here because Torres was under age 18 at the time of the two felonies, he was convicted as an adult for each, and both sentences exceeded one year and one month. The district court therefore correctly included both of Torres's sentences under age 18 when calculating his criminal history points because they were imposed within 15 years of the instant offense. See U.S.S.G. § 4A1.2(e)(1) & cmt. n.7; § 4A1.1 cmt. n.1. While we applied a five year limitation in United States v. Roberts, 253 F.3d 1131 (8th Cir. 2011), the sentences in that case were for less than one year and one month. By contrast Torres's sentences for crimes he had committed when he was under age 18 both exceeded one year and one month. They may thus be included in criminal history points because they were imposed within 15 years of the instant offense.

Torres finally argues that his prior crime of violence conviction cannot be used as a predicate crime under U.S.S.G. § 2K2.1(a)(3). Since we conclude that Torres could receive criminal history points for this prior conviction, the district court could also validly apply it as a predicate crime of violence for the base offense level of 22. See U.S.S.G. § 2K2.1 cmt. n.10.

Accordingly, we affirm the district court.

_____