# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3448

_____

United States of America

*Plaintiff - Appellee*

v.

Lamark Armond Combs, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 14, 2022
Filed: August 12, 2022
[Published]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Lamark Combs objected to certain facts in the presentence investigation report. What usually happens next is that the government presents evidence and the district court makes findings. This process got short-circuited here, so we vacate and remand for resentencing.

I.

Police found hundreds of sexually explicit images and videos on Combs's cellphone. Combs, who was 19 at the time, solicited them from younger girls. His criminal behavior was not just limited to child pornography. He also talked several of them into having sex with him, including one that was just 13.

Facing five child-pornography counts and one for enticing a minor, Combs decided to enter into a plea agreement with the government. Of the six counts, he pleaded guilty to three of them: two for receiving child pornography, each from a separate victim, 18 U.S.C. § 2252(a)(2), (b)(1); and another for possessing it, *id.* § 2252(a)(4)(B), (b)(2).

Beyond those crimes, Combs maintained his innocence. When the presentence investigation report said he was responsible for receiving pornographic images from two others, Minor Victim 3 and H.P., he filed a written objection. The report noted the objection and stated that the fact dispute remained unresolved.

At sentencing, the fact dispute never came up. Combs did not renew his objection, the government did not present evidence that he had received sexually explicit material from Minor Victim 3 or H.P., and the district court never made any findings. Without ever resolving the factual dispute that the presentence investigation report had flagged, the court sentenced him to 210 months in prison.

II.

"It is well established that a district court commits procedural error . . . by basing a sentence on unproven, disputed allegations rather than facts." *United States v. Richey*, 758 F.3d 999, 1002 (8th Cir. 2014). Everyone agrees that Combs specifically objected to receiving sexually explicit images from Minor Victim 3 and H.P., meaning that the district court could "not rely on those facts unless the government prove[d] them by a preponderance of the evidence." *United States v.*

*Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014) (citation omitted). The government never did so, yet the district court sentenced Combs as if it had.

Despite the apparent error, the government asks us to affirm for two reasons. First, in its view, Combs waived the objection. Second, it believes any procedural error was harmless. It is wrong on both points.

A.

The transcript is clear that Combs never renewed his objection at sentencing. The question is whether his failure to do so was waiver or forfeiture. If it was waiver—"the *intentional* relinquishment or abandonment of a known right"—then the district court would have had no obligation to address the objection. *United States v. Olano*, 507 U.S. 725, 733 (1993) (emphasis added) (quotation marks omitted); *see Bowers*, 743 F.3d at 1185 ("Because the objections were withdrawn, . . . the district court did not err in relying on the factual statements set forth in the PSR."). But if he merely forfeited it, then plain-error review applies. *See United States v. Cramer*, 962 F.3d 375, 380 (8th Cir. 2020); Fed. R. Crim. P. 52(b).

In our view, Combs forfeited it. A failure to renew an objection reflects "inaction[,] . . . not acquiescence or assent." *Robinson v. Norling*, 25 F.4th 1061, 1063 (8th Cir. 2022) (emphasis omitted) (defining forfeiture). At no point did Combs withdraw his objection, either by directly saying so or through a blanket statement that he had no issues with the presentence investigation report. *See, e.g.*, *United States v. Hipolito-Sanchez*, 998 F.2d 594, 596 (8th Cir. 1993) (per curiam) (relying on an explicit withdrawal); *United States v. Replogle*, 628 F.3d 1026, 1030 (8th Cir. 2011) (involving a statement that there were no objections despite previously putting them in writing). Nor did he ever "acknowledg[e] that the facts set forth in [it] were correct." *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006). All he did was "fail[] to . . . timely assert[]" the objection a second time,

which means that this is a classic case of forfeiture that calls for plain-error review. *Olano*, 507 U.S. at 733 (quotation marks omitted).

B.

Plain-error review places the ball in Combs's court. He must establish both that the error was "clear or obvious" and that it "affected [his] substantial rights." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). If he can, we will "exercise [our] discretion to correct the forfeited error if [it] seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

The government does not dispute that the error here was "clear or obvious." "It is well established that a district court commits procedural error" when it uses disputed facts to sentence someone. *Richey*, 758 F.3d at 1002. Instead, the focus is on the next step in the plain-error analysis: whether the procedural error affected Combs's substantial rights. Although the government's position is that it did not, we disagree.

Counting Minor Victim 3 and H.P. as exploited minors substantially increased the advisory range, from 210 to 262 months without the error to 262 to 327 months with it. *See* U.S.S.G. § 2G2.1, cmt. n.7 (explaining that "each minor exploited is to be treated as a separate minor" regardless of whether he or she is "specifically cited in the count of conviction or not"). It is true that the district court varied downward to 210 months, the bottom of the no-error range. But we cannot rule out the possibility that the court might have reduced the sentence even further if it had not made the error. *See Molina-Martinez*, 578 U.S. at 201 ("Absent unusual circumstances, [a criminal defendant] will not be required to show more [than this possibility]."); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018). We cannot speculate, in other words, about what "the district court *might* have done." *United States v. Harris*, 908 F.3d 1151, 1156 (8th Cir. 2018) (emphasis added) (quoting *Molina-Martinez*, 578 U.S. at 201).

-4-

A "failure to correct" the error "will [also] seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles*, 138 S. Ct. at 1911. As the Supreme Court has explained, a plain error like this one "is precisely the type . . . that ordinarily warrants relief under Rule 52(b)." *Id.* at 1907. We send the case back for resentencing, but leave it up to the district court to determine whether to reopen the record for additional evidence on remand. *See United States v. Sorrells*, 432 F.3d 836, 839 (8th Cir. 2005) (allowing the government to present additional evidence "[b]ecause of the confusing context" of the "objections").

## III.

We accordingly vacate Combs's sentence and remand for resentencing.

_____