# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2908
_____

United States of America

*Plaintiff - Appellee*

v.

Moses Runs Against

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: April 11, 2023
Filed: April 27, 2023
_____

Before GRUENDER, WOLLMAN, and ARNOLD, Circuit Judges.
_____

ARNOLD, Circuit Judge.

While driving under the influence of alcohol one night in Indian country, Moses Runs Against crossed the centerline and crashed into another car, killing two people and seriously injuring two others. Runs Against pleaded guilty to two counts of involuntary manslaughter, *see* 18 U.S.C. §§ 1112, 1153, and the district court[1]

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

sentenced him to two consecutive 84-month prison terms. He challenges the sentence on appeal. We affirm.

The crash claimed the life of the driver of the other car as well as the driver's mother. The crash also seriously injured the driver's twelve-year-old daughter and another passenger, both of whom were flown from the scene to a hospital. By the time of the sentencing hearing about eight months after the accident, the driver's daughter was able to walk, though with difficulty, while the other injured passenger remained in the hospital.

Runs Against was charged with two counts of involuntary manslaughter and two counts of assault resulting in serious bodily injury. *See* 18 U.S.C. § 113(a)(6), 1153. As part of a plea agreement, the government agreed to dismiss the assault charges in exchange for Runs Against's guilty plea to the manslaughter charges. A presentence investigation report calculated his Sentencing Guidelines range to be 57–71 months' imprisonment.

Before sentencing, the government moved "for consecutive sentences on each count of conviction and for an upward variance or departure." It sought consecutive, statutory-maximum sentences of 96 months on each count. The government explained that the sentencing considerations in 18 U.S.C. § 3553(a) supported an upward variance and consecutive sentences. It noted that Runs Against had pleaded guilty to assault resulting in serious bodily injury fifteen years before the crash when, as here, he was driving under the influence and crashed his car, ejecting "[s]everal passengers" and severely injuring his three-year-old son. He received a 57-month prison sentence and a term of supervised release, and during his release term, he violated several alcohol-related conditions, leading to another six-month prison sentence. The government argued that Runs Against's history showed he had "an extensive alcohol problem" and "that if given the chance, he will again seriously injure or kill others." Finally, the government sought an upward departure under

USSG § 5K2.21 because the facts underlying the dismissed assault charges didn't affect the calculation of Runs Against's Guidelines range.

At the sentencing hearing, neither party objected to the PSR's Guidelines calculation, and so the district court adopted the report, though it mistakenly recited a Guidelines range of 46–57 months in prison—a range that was more favorable to Runs Against. After hearing from the parties and from victims as to what sentence was appropriate, the district court expressly considered many of the § 3553(a) criteria, placing particular emphasis on the seriousness of the offense and on Runs Against's criminal history. It observed to him that if his previous drunk-driving accident where he seriously injured his three-year-old son wasn't "enough to scare you and make you quit drinking for the rest of your life, I don't know what is."

The court concluded that "the guideline range is not sufficient," and so it announced it would "both upward depart and upward vary." It stated that it would depart upward under § 5K2.21 and under § 4A1.3(a)(1) because it thought Runs Against's criminal-history category underrepresented his likelihood of reoffending, given his record of alcohol-related incidents. The court acknowledged that Runs Against immediately accepted responsibility and apologized, and so instead of giving him consecutive maximum sentences, it opted instead "to give [him] one year credit on each count."

Runs Against maintains on appeal that the district court failed to provide an adequate explanation for its decision to depart upward on the ground that his criminal-history category underrepresented his likelihood of reoffending, *see* USSG § 4A1.3(a)(1), especially since neither the PSR nor the government recommended this departure (though, we point out, the government did seek an upward variance based on Runs Against's criminal history). We review Runs Against's contention for plain error since he did not object before the district court. *See United States v. Walking Eagle*, 553 F.3d 654, 657 (8th Cir. 2009). Under this standard of review, Runs Against must show that the district court committed an obvious error that affected his

substantial rights. *See United States v. Combs*, 44 F.4th 815, 818 (8th Cir. 2022) (per curiam). To show that an error affected his substantial rights, he must convince us that a reasonable probability exists that he would have received a more favorable sentence but for the error. *See United States v. Harrell*, 982 F.3d 1137, 1140 (8th Cir. 2020).

We hold that, even if the district court's explanation of the § 4A1.3(a)(1) departure was plainly insufficient, Runs Against has failed to demonstrate a reasonable probability that he would have received a more favorable sentence absent the court's error. The district court expressly anchored its chosen sentence to the maximum punishment set by Congress, not to the Guidelines. The record shows that the sentence chosen, much like the one the government recommended, was a product of an evaluation of the § 3553(a) criteria, in particular the nature and circumstances of the offense and Runs Against's criminal history. The district court selected a statutory-maximum sentence, though it did give Runs Against some credit for his remorse and acceptance of responsibility. We are therefore convinced "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range," *see Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016); *United States v. Ngombwa*, 893 F.3d 546, 558 (8th Cir. 2018), and so any error here did not affect Runs Against's substantial rights.

Runs Against also asserts that the court imposed a substantively unreasonable sentence because it did not adequately consider the circumstances of his tumultuous childhood or his sincere remorse and acceptance of responsibility. We disagree. The PSR detailed some of the difficulties that Runs Against experienced as a child, but at no point did he suggest to the district court that these matters deserved attention; in fact, he did not discuss them at all during the sentencing hearing or in his letter to the court before sentencing. We cannot fault the district court for giving them the same attention that Runs Against did. As for Runs Against's remorse and acceptance of responsibility, the district court expressly credited Runs Against and as a result opted against the maximum sentence that the government requested. "A district court

has wide latitude to assign weight to give factors, and the district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." *United States v. Brown*, 992 F.3d 665, 673–74 (8th Cir. 2021). We therefore hold that the district court did not abuse its discretion. *Cf. United States v. Fight*, 625 F.3d 523, 526 (8th Cir. 2010).

Affirmed.

_____