# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3556
_____

United States of America

*Plaintiff - Appellee*

v.

Lamark Armond Combs, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 22, 2023
Filed: November 7, 2023
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Lamark Combs pleaded guilty to receiving and possessing child pornography. *See* 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b). After we sent the case back for resentencing, the district court[1] reopened the record and gave him a 183-month

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

sentence. Although Combs disagrees with the court's approach on remand, we affirm.

## I.

An unresolved factual dispute from the presentence investigation report required us to vacate Combs's sentence in the first appeal. *See United States v. Combs*, 44 F.4th 815, 817 (8th Cir. 2022) (per curiam). The dispute was about whether he had received sexually explicit images from two minor victims. *See id.* We "le[ft] it up to the district court to determine whether to reopen the record for additional evidence on remand." *Id.* at 819.

The district court made the discretionary call to consider additional evidence, including from a detective who testified that Combs requested images from both girls. The new evidence resolved the outstanding factual dispute. And after the court heard argument, it sentenced Combs to 183 months in prison, a downward variance of 52 months from the recommended range. *See* 18 U.S.C. § 3553(a)–(b).

## II.

Combs's procedural challenge is to the district court's decision to reopen the record and allow the government to present additional evidence. Our review is for an abuse of discretion. *See United States v. Eason*, 907 F.3d 554, 558 (8th Cir. 2018).

The first time around, we made clear that the district court had discretion to reopen the record if it wished. *See Combs*, 44 F.4th at 819. The initial sentencing, after all, was "confusing": Combs did not renew his objection, no one focused on it at the hearing, and it was unclear at the time whether it was factual or legal. *United States v. Sorrells*, 432 F.3d 836, 839 (8th Cir. 2005); *see Combs*, 44 F.4th at 819. Given that the court did exactly as we suggested on remand, there was no abuse of discretion. *See Eason*, 907 F.3d at 557–58 (holding that a district court may reopen

the record on remand unless directed otherwise); *cf. United States v. Arias*, 74 F.4th 544, 550 (8th Cir. 2023) ("Under the law-of-the-case doctrine, our role in this appeal does not encompass review or re-examination of an issue decided in a prior appeal.").

## III.

Nor is Combs's 183-month sentence substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). In its view, Combs's requests for child pornography, some of it "hard core," presented a serious "danger[] to the community," despite the presence of several mitigating factors. It was within the district court's discretion to weigh some factors more heavily than others. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).

## IV.

We accordingly affirm the judgment of the district court.

_____