# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2574

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Earl Leavell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: April 8, 2024
Filed: August 13, 2024
[Unpublished]

_____

Before SMITH, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Matthew Earl Leavell pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Leavell to 60 months of imprisonment—an upward variance from the

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

range recommended by the United States Sentencing Guidelines Manual (the Guidelines). Leavell appeals the sentence.

On October 27, 2021, Leavell fired multiple shots into an unoccupied, parked vehicle outside a home in Jefferson City, Missouri. The children of the vehicle's owner had been in a dispute with the children of Leavell's girlfriend, which led police to question Leavell. Though he initially denied being near the location of the shooting, Leavell eventually admitted he shot the vehicle to make the owner's children "feel fear," but he insisted he did not intend to hurt anyone. After obtaining a search warrant, police searched Leavell's vehicle and discovered a handgun and ammunition. Leavell was subsequently indicted for unlawfully possessing a firearm as a felon, to which he pled guilty.

Leavell's Presentence Investigation Report detailed his prior criminal history, which included convictions for driving while intoxicated, third-degree assault, third-degree domestic assault, second-degree child molestation, failing to register as a sex offender, second-degree endangering the welfare of a child, resisting arrest, failing to pay child support, and numerous convictions for driving without a license or driving with a revoked license. Citing the 18 U.S.C. § 3553(a) sentencing factors, Leavell's criminal history, and the nature of his offense, the district court ultimately sentenced Leavell to 60 months of imprisonment—a nine-month upward variance from the top of the 41-to-51-month Guidelines range.

Leavell alleges the district court committed procedural error and the sentence is substantively unreasonable. We first address the claim of procedural error before considering the substantive reasonableness of a sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Leavell argues the district court procedurally erred by failing to adequately explain the reasons for the sentence under the § 3553(a) sentencing factors. *See United States v. Luscombe*, 950 F.3d 1021, 1031 (8th Cir. 2020) (procedural errors include "failing to consider the § 3553(a) factors[,] . . . and failing to sufficiently explain the sentence"). Because Leavell did not raise any claim of procedural error in the district court, we review it

for plain error. *United States v. Combs*, 44 F.4th 815, 818 (8th Cir. 2022). Thus, to warrant reversal, Leavell must make a threshold showing there was (1) an error, (2) it "was clear or obvious," and (3) "it 'affected his substantial rights.'" *Id.* (cleaned up) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

But Leavell does not explain how his claim of alleged error prevails under plain error review, nor can we say the district court committed any error, plain or otherwise. At sentencing, the district court considered the § 3553(a) factors and explained its reasons for the upward variance. It cited Leavell's "significant history" consisting of "some very serious crimes," as well as the nature of his offense, involving "destruction of property[,]" which goes beyond the offense of mere possession of a firearm. *See Luscombe*, 950 F.3d at 1031 (rejecting an argument the district court's explanation for an upward variance was inadequate). Thus, Leavell fails to show plain error.

Next, Leavell argues the nine-month upward variance was unreasonable because it was based, in part, on Leavell's criminal history—a factor he alleges was already incorporated by the Guidelines. We review this claim for an abuse of discretion. *See United States v. Hogue*, 66 F.4th 756, 766 (8th Cir. 2023). "[W]e have stated repeatedly that 'factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance.'" *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (quoting *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012)). Here, the district court did not base the upward variance solely on criminal history, but also considered that Leavell shot at a car to strike fear into children, the need to protect the public, and to provide specific deterrence. "In looking at those reasons, we cannot say that the district court imposed a substantively unreasonable sentence." *United States v. Drew*, 9 F.4th 718, 726 (8th Cir. 2021). Therefore, it did not abuse its discretion in imposing a nine-month upward variance.

Accordingly, we affirm the district court.

_____