United States Court of Appeals

For the Eighth Circuit

_____

No. 24-1101

_____

United States of America

*Plaintiff - Appellee*

v.

Isaiah Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: November 18, 2024
Filed: February 11, 2025
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Isaiah Thomas pled guilty to being a felon in possession of a firearm. The district court sentenced him to 105 months' imprisonment and a three-year term of supervised release. Thomas appeals his sentence, arguing that the district court plainly erred by applying United States Sentencing Guideline (USSG) § 2K2.1(a)(3) to calculate his base offense level. Having jurisdiction under 28 U.S.C. § 1291, and

in light of Government's submissions on appeal, we vacate Thomas's sentence and remand to the district court for resentencing.

I.

In April 2023, an off-duty police officer with the North Little Rock Police Department spotted Thomas getting out of a car at a Walmart Supercenter in North Little Rock, Arkansas. The officer knew that Thomas had an outstanding warrant due to an unauthorized departure from the halfway house where Thomas had been staying after his recent release from prison. The officer approached Thomas's car and placed Thomas under arrest. A search of Thomas's car uncovered a backpack on the front passenger floorboard, which contained over 25 grams of marijuana, along with an extended magazine with 18 rounds of 9mm ammunition. Underneath that passenger seat, officers also discovered a Glock 48 9mm pistol with 9 rounds in the magazine and 1 round in the chamber. Thereafter, Thomas was indicted on and pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At Thomas's sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report (PSR), which included a description of Thomas's conduct and a preliminary calculation of Thomas's Guidelines range. The PSR calculated a base offense level of 22 by applying USSG § 2K2.1(a)(3), as the offense involved "a semiautomatic firearm capable of accepting a large capacity magazine."[1] With a resulting total offense level of 24, accompanied by a criminal history category

---

[1]Guideline 2K2.1(a)(3) also requires the defendant to have "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." Thomas argues for the first time on appeal that his prior conviction—a 2017 Arkansas state court conviction for robbery, in violation of Ark. Code. Ann. § 5-12-102(a)—is not categorically a crime of violence under the Sentencing Guidelines and thus could not qualify as a predicate offense or result in an additional point on his criminal history score. See USSG § 4A1.1(b), (d). Because we vacate and remand based on the "large capacity magazine" issue, we do not reach his second argument.

of IV, the PSR calculated a Guidelines range of 77 to 96 months' imprisonment. Thomas did not raise any objections. Adopting the PSR, the district court varied upward and sentenced Thomas to 105 months' imprisonment to be followed by a three-year term of supervised release. Thomas timely appealed.

## II.

Because Thomas did not object to the PSR or its Guideline calculations, we review his arguments for plain error. United States v. Combs, 44 F.4th 815, 818 (8th Cir. 2022) (per curiam). Accordingly, Thomas must demonstrate that the district court committed an error that was "clear or obvious" and "affected [his] substantial rights." Id. (alteration in original) (quoting Molina-Martinez v. United States, 578 U.S. 189, 194 (2016)). Upon such a showing, we may correct the error only if it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." Id. (alteration in original) (citation omitted).

Thomas argues that the district court plainly erred in finding that the Glock 9 mm pistol was capable of accepting a large capacity magazine and thus applying the § 2K2.1(a)(3) enhancement. According to Thomas, the PSR applied § 2K2.1(a)(3) based merely on the proximity between the two in Thomas's car. The comments to the Sentencing Guidelines explain that such capability can be inferred when a large capacity magazine is found "in close proximity to the firearm." USSG § 2K2.1, cmt. n.2. That being said, some courts have held that proximity alone "does not supplant compatibility; the magazine must actually fit." United States v. Luna-Gonzalez, 34 F.4th 479, 481 (5th Cir. 2022). In Thomas's view, because the PSR only stated that the magazine and firearm were found near each other and the Government did not present any evidence—testimonial or otherwise—that the firearm was actually capable of accepting the magazine, the district court plainly erred in relying on the PSR to apply the § 2K2.1(a)(3) enhancement. See also United States v. Romero, No. 21-50485, 2022 WL 3584873 at *1-2 (5th Cir. Aug. 22, 2022) (per curiam) (finding plain error where Government "did not set forth any additional facts" in the PSR beyond the magazine's proximity to the firearm); United States v. Garza, No.

22-20338, 2023 WL 3918993 at *5 (5th Cir. June 9, 2023) (per curiam) (finding plain error and rejecting unsworn statement that firearm was capable of accepting large capacity magazine).

The Government responds that Thomas's failure to object to the PSR dooms his argument. It is true that when a defendant "does not object to facts set forth in the [PSR], then the district court may accept those facts as true for purposes of sentencing." United States v. Reid, 827 F.3d 797, 801 (8th Cir. 2016). The problem with the Government's contention, however, is that the statement of facts in the PSR did not state that the firearm was actually capable of accepting the magazine. In contrast to cases where the offense conduct section in the PSR specifically includes that fact or where a record developed at trial contains evidence supporting that conclusion, see, e.g., id. (noting that the PSR "stat[ed] that the [firearm] could accept a large capacity magazine" and that "abundant evidence [from the trial record] . . . show[ed] that the [firearm] was . . . capable of accepting a large capacity magazine"), the unobjected-to facts in the PSR only establish that "officers located . . . an extended magazine containing 18 9mm rounds [and a] Glock, model 48, 9mm pistol" on the front passenger floorboard of Thomas's vehicle. Even accepting the facts as adopted by the district court, the offense conduct section in the PSR does not state that the firearm was actually capable of accepting the magazine.

Though the Government points to numerous cases where we have upheld the application of § 2K2.1(a)(3), all of these cases included *some* additional facts to support applying the enhancement. See, e.g., United States v. Davis, 668 F.3d 576, 576-77 (8th Cir. 2012) (upholding application where officer testified that firearm "will accept that [large capacity] magazine"); United States v. Torres, 489 F. App'x 968, 969-70 (8th Cir. 2012) (per curiam) (upholding application when "officer testified that [firearm] could be . . . fitted with the large capacity magazine in two to three minutes"). Absent that supporting evidence, however, the offense conduct description in the PSR must state that the firearm was actually capable of accepting large capacity magazine to justify applying § 2K2.1(a)(3). See Romero, 2022 WL 3584873 at *2 (noting that statements of proximity alone are insufficient to prove

-4-

compatibility). Because the PSR does not include that statement here, Thomas has demonstrated a plain error warranting vacatur. See Molina-Martinez, 578 U.S. at 201 (noting that sentencing based on incorrect guidelines calculation will affect a defendant's substantial rights "[a]bsent unusual circumstances"); Rosales-Mireles v. United States, 585 U.S. 129, 145 (2018) ("In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings.").

We note the Government's concern that Thomas is seeking relief through an argument he did not raise below. Further, the Government submits that it would have presented testimony and evidence consistent with the PSR had Thomas objected, and that such evidence would be sufficient for the court to find by a preponderance of the evidence that the elevated base offense level applied. Appellee Br. 15. Nevertheless, we vacate Thomas's sentence and remand to the district court for resentencing. On remand, however, the Government is free to amend the PSR and offer the necessary substantiating evidence or testimony. See Combs, 44 F.4th at 819.

## III.

We accordingly vacate Thomas's sentence and remand for resentencing.

_____